## NEW ORLEANS GAS LIGHT AND BANKING COMPANY *v.* WEBB, Administrator.

Slaves belonging to the succession of a deceased mortgagor, corresponding in names, ages, and sex, with those described in the mortgage, in the absence of any evidence throwing doubt upon their identity, will be presumed to be the slaves included in the mortgage.

Where a bank authorised by its charter to seize property mortgaged to it, in whosesoever hands it may be, and notwithstanding any sale or change of possession, as if still in the hands of the mortgagor, claims to be paid out of the proceeds of the sale of property so mortgaged to it, which had been sold by order of the Probate Court, it will be an affirmance of the sale, and the bank can no longer proceed against the property; but it does not thereby forfeit any of the rights it would have had to be paid out of the proceeds of the sale, as if made at its instance.

In an action against an administrator, by one entitled to be paid out of the proceeds of property sold at a probate sale by a former administrator, for the price of which notes were given, and one of which fell due before the appointment of the defendant, the latter will be presumed, after the notes have become due, and in the absence of evidence to the contrary, to have received the proceeds of the sale; and if any part was received by the first administrator, it is incumbent on his successor to show that he was unable to compel the former to account and pay over the amount so received; this fact is a matter of special defence, which it is for the defendant to prove.

APPEAL from the Court of Probates of St. Helena, *Leonard*, J.

*A. Hennen*, for the plaintiffs, cited acts of 1835, p. 105, s. 28. *Qui hypothecam habet, rem ipsam habere videtur.* Jourdan's Juris Regulæ, no. 239, *Merrick*, for the appellant. The judgment of the court was pronounced by

KING, J. The defendant is sued in this action as the administrator of the succession of *Presley Stephenson*, for the residue of a loan of money made by the plaintiffs to the deceased, the payment of which was secured by a special mortgage on a tract of land and several slaves. The prayer of the petitioners is, that the sum claimed be paid by privilege out of the proceeds of the hypothecated property, of which a probate sale has been made, and that the defendant render an account of his administration. A judgment was rendered in accordance with this prayer, from which the defendant has appealed.

It has been contended on the part of the defence, that the property adjudicated at the probate sale of *Stephenson's* succession, has not been identified with that subject to the plaintiffs' mortgage; that there is error in the judgment allowing the plaintiffs a privilege on the proceeds of the property; that the defendant was not appointed administrator for some time after the first instalment became due; and that no proof has been adduced that the proceeds of the sale have gone into his hands.

Eight of the slaves, *George, Squire, Sam, Hannah, Maria, Kate* or *Catha-* <span style="float:right">New Orleans</span>
*rine, and her two children*, adjudicated at the probate sale of *Stephenson*, cor-
respond in name, age, and sex, with those described in the mortgage, which,
coupled with the fact that they were found in the succession of the mortgagor,
sufficiently establishes their identity, in the absence of proof bringing their iden-
tity in question.   We think also that the evidence fixes, with sufficient certainty,
the identy of the tract of land sold with that described in the mortgage.   These
slaves, with the tract of land, produced a sum more than sufficient to satisfy
the plaintiffs' demand.

New Orleans<br>Gas Light<br>and Banking<br>Company<br><i>v.</i><br>Webb.

We have been referred to no law which confers upon the plaintiffs the privi-
lege claimed.   The 28th section of the act of incorporation (Session Acts of
1835, p. 105,) gives the plaintiffs the right, on all mortgages executed under
that act, to seize the mortgaged property, in whatever hands it may be, in the
same manner that it could be seized in the hands of the mortgagor, notwith-
standing any sale or change of possession by descent or otherwise, but confers
no privilege.   The plaintiffs, by claiming the price in the hands of the admi-
nistrator, have affirmed the probate sale, and can no longer proceed against the
property in the possession of the purchasers.   But by this affirmance the bank
has forfeited none of its rights to be paid out of the proceeds, which it would
have had if the sale had been made at its instance ; and the fund in the hands
of the administrator is subject to no other charges than those it would have
been liable to, if the plaintiff had provoked the sale.   The judge erred, how-
ever, in decreeing the payment to be made by privilege.

The defendant appears not to have assumed the administration until more
than a year after the sale took place, previous to which time the first instalment
had become due.   Many years intervened between the date of his appointment
and the inception of this suit ; all of the instalments have long since fallen due ;
and he must be presumed, in the performance of his duty, to have collected the
entire proceeds of the sales.   If any part of them were received by his pre-
decessor, it was his duty to have held the latter to account ; and if he has been
unable to compel him to account or to coerce payment, this should have been
made a matter of special defence, which it was incumbent on the defendant to
prove. No such defence has been set up in the answer, and no such proof ex-
hibited.

It is therefore ordered, that so much of the judgment of the court below as
decrees a privilege to the plaintiffs be reversed; and, in other respects, said
judgment is affirmed; the appellee paying the costs of this appeal.