No. 6100.

### AMELIE THERIOT vs. P. E. MICHEL.

The motion to dismiss this appeal on the ground that there is no legal order of appeal, the judge not having signed the order, has no force. The appeal was taken by motion in open court, and the order rendered and entered on the minutes did not require the signature of the judge to give it validity.

The plaintiff claims by virtue of a judgment to have a lien and privilege for supplies furnished on a plantation owned and cultivated in partnership by and between himself, Mrs. Widow Michel, and P. E. Michel, her son, which privilege and lien he maintains to exist, for the amount of his judgment, on the share owned by Mrs. Michel in said tract, and he prays to have it enforced against the said share and interest of his debtor in said plantation, which said debtor has fraudulently transferred to her son by an act of sale alleged to be null and void.

This court is of opinion that there was no partnership in the land cultivated by Mrs. Michel, by plaintiff, and P. E. Michel, but that they were joint owners of it. It was used by common consent for carrying on the cultivation of sugar through a partnership which was dissolved by the seizure and sale of P. E. Michel's portion in the land by one of his creditors, but the land cultivated by the partnership was no part of said partnership. It was only the use of the land which was brought into partnership.

The doctrine followed on this point has been applied by this court to the case of part owners of steamboats employed in carrying persons and property for hire, and it has been held, in the absence of an express stipulation to the contrary, that the use of the steamboat only is brought into the partnership, and not the property and ownership of the boat, which remains in the part owners as tenants in common, subject, however, to the privileges which the law granted in certain cases to the creditors of the partnership.

As to the plaintiff's allegation of a fraudulent sale made by Mrs. Michel to the defendant, said plaintiff, after having by a formal authentic act recognized defendant's title, is estopped from now attacking it, and from seeking to subject the land he holds under it to the payment of his judgment against Mrs. Michel.

APPEAL from the Fifteenth Judicial District Court, parish of Terrebonne. *Beattie*, J. *Burguieres & Suthon*, for plaintiff and appellant. *Charles W. DuRoy*, for defendant and appellee.

TALIAFERRO, J. In this case there is a motion to dismiss on the ground that there is no legal order of appeal, the judge not having signed the order.

The objection has no force. The appeal was taken by motion in open court, and the order rendered and entered on the minutes did not require the signature of the judge to give it validity. The motion to dismiss is overruled.

### ON THE MERITS.

This action is brought by the plaintiff, a judgment creditor of Mrs. Celina Michel, to annul a sale of land made by her to her son, the defendant in this case, on the ground of fraud; the plaintiff alleging that the sale was made for the purpose of placing the property beyond his reach and to prevent his recourse against it to make the amount of his judgment, averring that his debtor, Mrs. Michel, has no other property from the proceeds of which his debt can be realized. He further avers

that in virtue of his judgment based upon his claims for supplies furnished a plantation owned and cultivated in partnership by and between himself, Mrs. Widow Michel, and P. E. Michel, he has a lien and privilege upon the said share of land owned by Mrs. Michel for the amount of his judgment, the same being for the portion or share of her liability to him for the supplies furnished by him for cultivating and conducting the business of the planting partnership. He therefore prays that the sale from Mrs. Widow Michel of her undivided one-third of said plantation to her son, the defendant, be declared null and without effect, and that it be made subject to his claim, evidenced by said judgment against Mrs. Michel, that his lien and privilege be recognized and enforced against the said share and interest of his debtor in the said plantation, and which part and share be sold to pay and satisfy his judgment as aforesaid.

The defendant denies all the allegations of the plaintiff's petition. He alleges that long before he became owner of his mother's share and interest in the plantation referred to by plaintiff, the partnership theretofore existing in the planting business as alleged by plaintiff had been dissolved by the seizure and sale (under execution at the suit of his creditors) of P. E. Michel's share and part of the plantation.

Defendant denies specially that the land and plantation used in cultivation for the partnership formed any part of the partnership assets, but was the separate property of the partners as joint owners and not entering into or composing partnership property. He specially denies that plaintiff has a lien or privilege on the interest and share in said land and plantation acquired by defendant from his mother. He alleges that on the —— day of February, 1875, he, as owner of an undivided third of the land and plantation, and the work animals, farming utensils, etc., and the plaintiff in like manner as owner of the other two-thirds of the property, made a verbal partition of all the personal property belonging to the plantation, such as horses, mules, stock of every kind, farming implements, gear, etc., and afterward, in the same month and year, he and plaintiff entered into a notarial act of provisional partition of the land, plaintiff taking two-thirds, the defendant one-third. The defendant contends that by this act, and the division of the personal property between himself and plaintiff, the plaintiff recognized the sale of the one-third of the plantation by his mother to him, and thereby ratified and acknowledged its validity, and that plaintiff is estopped from disputing the defendant's right to the property, having in an authentic act acknowledged that right.

The defendant specially avers that his mother owns other property, which plaintiff might make his debt out of, and that he has no right to proceed against defendant's property.

Amelie Theriot vs. Michel.

Judgment was rendered in favor of the defendant, and the plaintiff has appealed.

We think it clear there was no partnership in the land cultivated by Mrs. Michel, the plaintiff, and P. E. Michel; but that they were joint owners of it; that it was used by common consent for carrying on the cultivation of sugar by the partnership, which was dissolved by the seizure and sale of P. E. Michel's part of the land by one of his creditors; that the land cultivated by the partnership made no part of the partnership property is illustrated by the case of Owens vs. Davis, 15 An. 22, where this court said: "This doctrine has been applied by this court to the case of part owners of steamboats employed in carrying persons and property for hire; and it has been held, in the absence of an express stipulation to the contrary, that the use of the steamboat only is brought into the partnership, and not the property or ownership of the boat, which remains in the part owners as tenants in common, subject, however, to the privileges which the law granted in certain cases to the creditors of the partnership."

Neither do we think the plaintiff was entitled to a privilege upon the land as furnisher of supplies. The plaintiff, after having by a formal authentic act recognized the defendant as owner of the undivided third part of the land, is estopped from attacking the defendant's title to it, and from seeking to subject it to the payment of his judgment against Mrs. Celina Michel.

The decree of the lower court we regard as having been properly rendered.

It is therefore ordered that the judgment appealed from be affirmed with costs.