SOMMERVILLE, J.
When this case was first before us, we reversed the judgment of the trial court refusing to plaintiff the relief asked, and remanded it for further trial. 127 La. 925, 54 South. 286. Subsequently we affirmed a second ruling of the trial court, declaring that the appointment of a receiver to take charge of the property of defendant in.this state was necessary for the protection of the minority ■ stockholders, of which plaintiff was one. 129 La. 406, 56 South. 343.
The Calcasieu Trust & Savings Bank has been appointed receiver to the defendant corporation. It, the receiver, sought and obtained leave of the court to institute legal proceedings against the Gulf Refining Company of Louisiana and the Texas Company of Texas for the following limited purposes:
“First. To recover certain sums of money due said Evangeline Oil Company as rebates for the piping of oil for the account and benefit of the Gulf Refining Company of Louisiana, and the Texas Company below the legal rates charged the public for such services.
“Second. Certain items due by the Gulf Refining Company of Louisiana and the Texas Company for the free storage of oil for the benefit of said companies.
“Third. To recover certain amounts due as interest upon large balances of indebtedness due by said Texas Company and the Gulf Refining Company to the Evangeline Oil Company between the dates of the maturity of said sums and the dates of their payment.
“Fourth. To sue for an accounting for oil belonging to the Evangeline Oil Company alleged to have been' diverted by or sold to said conspiring companies below its value;. suit being hereby authorized for the difference that should have been paid to said Evangeline Oil Company in addition to the amount actually paid.
“Fifth. To recover certain sums of money belonging to the Evangeline Oil Company that were removed from the state of Louisiana by the officers of the Evangeline Oil Company subsequent to the issuance of the writ of injunction and the appointment of the receiver herein, at the instance of the plaintiff here-131, •}* *5*
“It is further ordered, adjudged and decreed, ■ that the authority to institute suits to recover certain sums of money illegally paid to said Texas Company and the Gulf Refining Company as alleged dividends, is denied at this time, the court reserving the right to grant such order in the future if it should deem such proceeding advisable.”
Hugh B. Reed, the receiver of the defendant company in the state of New Jersey, the original domicile of said company, and the defendant, the Evangeline Oil Company, opposed the application of the Louisiana receiver for the filing of the above two suits upon several grounds. The oppositions were dismissed, and the defendant and the New Jersey receiver for defendant have appealed devolutively.
On Motion to Dismiss Appeal.
The motion of appeal was made orally, and just after the reading of the judgment. This is the ordinary mode of taking appeals in some of the parishes; and, as there was only one judgment rendered on the day when the motion of appeal was filed, we think that the identification of that judgment with the motion is sufficiently certain. That there was no legal order of appeal, in that the judge did not sign same, has no force. The appeal was taken by motion in open court, and the order rendered was entered on the minutes. It did not require the signature of the judge to, give it validity. Theriot v. Michel, 28 La. Ann. 107.
*75 The last ground in the motion to dismiss, that the appeal herein was taken from an interlocutory order of the judge a quo, which order was to institute suits against certain named persons, and which order was within his discretion, and that it does not work irreparable injury to the appellants, and is not therefore appealable from, is the only serious ground advanced for dismissing the appeal in this case.
The granting, by the court, of permission to the receiver to sue alleged debtors of the defendant company, is a mere matter of administration of the receivership proceedings, which works no irreparable injury to any one, and it is not ordinarily appealable from.
If all of the reasons contained in the oppositions of defendant and its New Jersey receiver are good defenses, they may be urged by the defendants in the two suits which have been brought by the receiver against said defendants. These opponents have no legal interest in championing the causes of the defendants in those suits.
The authority or order of the trial judge to his receiver to institute certain suits does not determine a suit, or operate in any manner or degree against the interests of the parties ordered to be sued.
Such order is interlocutory, under the control of the court which issued it, not final or definitive; and it may be revoked by the judge who issued it.
The appeal is dismissed, with costs.