## No. 4733.

SUCCESSION OF PIERRE MONETTE. On petition of JULIEN JOSEPH
MONETTE praying to be recognized as sole heir and put in posses-
sion.

Plaintiff, after having accepted the benefit and *status* conferred upon him by Pierre Monette
in the act of marriage which legitimated him, can not attack the act creating his own
*status*, and under which he is asserting his rights, by questioning the validity of the
same rights conferred upon one who is recognized as his brother and also legitimated in
the same document. The very words which establish the legitimacy of plaintiff, estab-
lish also the *status* of the defendant. He can not accept the benefits of an act and
repudiate its obligations.

APPEAL from the Second District Court, parish of Orleans. *Tissot,*
J. *Charvet & Duplantier,* for plaintiff and appellant. *C. Morel*
and *E. Filleul,* for defendant and appellee.

LUDELING, C. J. The plaintiff, Joseph Julien Monette, alleges that
he is the sole legitimate child of Pierre Monette and Louise Boulin,
and that Edward Monette, who has been appointed administrator of
the succession of Pierre Monette, is not a legitimate child of Pierre
Monette. He alleges that the declaration of Pierre Monette and Louise
Monette, his parents, in their act of marriage, to the effect that the
said Edward Monette is their son, is false, and that the legitimation of
the latter, sought to be effected thereby, is of no avail and void in
law; that it was the result of gross ignorance, or a device resorted to
for the purpose of depriving your petitioner of his just rights, as the
only child and heir at law of the said Pierre and Louise Monette. He
prays to be recognized as heir and to be put in possession of the
estate.

The defendant filed several peremptory exceptions to the demand,
which were sustained, and the plaintiff has appealed.

It will be necessary to notice only one of the exceptions. It is this:
That after having accepted the benefit and *status* conferred upon him
by Pierre and Louise Monette, the plaintiff can not attack the act
creating his own *status*, and under which he is asserting his rights.

He has annexed to his petition as a part thereof the act, which, with
the marriage, is his title. It contains the following clause: "Devant
moi curé, et les mêmes tèmoins sous-signés, les susdits époux ont
reconnu pour leurs enfants légitimes selon les lois, Julien Joseph
Monette, agé de 32 ans, et Edward Monette, agé de 22 ans, les quels,
aux mêmes titres, auront tous les droits, priviléges d'enfants légitimes
devant Dieu et l'état." The plaintiff relies upon the marriage of his
parents and this acknowledgment in the act of marriage to establish
his legitimacy and his right to the estate, and yet he wishes to attack
it. The very words which establish his legitimacy, establish also the
*status* of the defendant. One can not be listened to by courts when he

attempts to prove the falsity of an act, under which alone he asserts a right. He can not accept its benefits and repudiate its obligations. "Il est de principe que les actes sont indivisibles dans leurs effets." Encyclopédie du Droit—verbo. acte.

See also the cases of Provost et Lallemant, c. Marie Liberté, in Palais Royal, vol. 10, p. 547, and Griffaulières v. Griffaulières, Palais Royal, vol. 24, p. 816.

If Joseph Julien Monette can attack the validity of the acknowledgment, so can Edward Monette, and the spectacle would be presented of adverse claimants claiming rights under the same act, and both attacking the truth of its representations. And as it is possible that each party might be able to prove that the other was not the child of both alleged parents, it might result that a suit would be prosecuted to final judgment, when neither party had a standing in court, for neither can question the act unless he be the heir of the parties to said act. If the acknowledgment be false as to one, what guarantee have we that it is not false as to the other? They are both acknowledged by the same stroke of the pen. The judgment of the lower court is correct.

It is therefore ordered and adjudged that the judgment appealed from be affirmed with costs of appeal.

———

MORGAN, J., *dissenting.* I understand the decision of this case stands upon the declaration that plaintiff and defendant holding their *status* by virtue of the same act, neither can contest its validity.

I can not assent to this proposition. I think the act can be contested by any one in interest.

If these persons had been recognized as required by law at different times, I do not understand it to be held by the opinion of the majority of the court that either act could not have been contested by either of the parties. Any act containing different provisions may be part good and part bad. So the act which declares ten children to be the offspring of the same persons may be in part true and in part false. Those who have an interest in showing its falsity in any particular' are, I think, entitled to do so.

The law prohibits adoption. The ruling of the court permits it in an indirect way.

The law prohibits the legitimating of adulterous bastards. The law permits the legitimating of a child, not an adulterous bastard, conceived by a woman between whom and the father no impediment to marriage existed at the time of conception. The acknowledgment may be made by public act before a notary public and two witnesses.

A man may make his by public act. Suppose in the act by which he makes his will he recognizes a child sprung from an adulterous connection, giving him the bulk of whatever fortune he may have, and instituting a collateral relation heir for the balance, would not the instituted heir be allowed to contest the acknowledged child's right upon the ground that he was an adulterous bastard, and consequently incapable of being legitimated? Suppose he has two illegitimate children, one of whom is adulterous and the other capable of being legitimated, and he attempts to legitimate them both, will he be permitted to do so because he has acknowledged them both in the same act? Can a man make his grandfather his child? Yes, if the opinion of the majority of the court be correct, provided he declares him so to be in the act by which he legitimates a natural child, for the same act which legitimates the child transposes the grandfather into a child. Their *status* is established by the same title, and can not, therefore, be disputed by either.

There are some acts and declarations which a man can not repudiate. But there are no cases in which he can not plead fraud, want of consideration, error, etc., to his acts or declarations. And I know of no case where a person, not a party to an act, can not set up that a declaration contained therein is not true.

Here it is alleged that a declaration in an act is false, and this declaration deprives a party of his rights. I am told that the party whose rights are destroyed by it can not contest it, because his claims rest upon a similar declaration with regard to himself. What will a woman who has lost her position not do to regain it? What sacrifice has she ever been called upon to make which she has not cheerfully submitted to, if it was to do tardy justice to herself and secure legitimation to her unfortunate child? Self-sacrificing in all things for those she loves; to her offspring tender, and of their interests jealous; of their good name sensitive, and, of all things, made most unhappy by any stain which she may have put upon their birth, what sacrifice will she not make to relieve them from the disgrace which a possibly censorious society places upon those who are brought into the world without the previous publication of bans, the license of the justice, the solemnization by the minister of God's Holy law? None, I believe. And so I can easily fancy how the declaration that both the children, whose legitimacy is now in question, are hers, was wrenched out of her in the act by which her own son was, as it were, given a new life too. The declaration may have been the *sine qua non* of the marriage. The man may have extorted it from her by a refusal to marry her without it. With her own position at stake, with the legitimation of her child dependent upon a word from her, she would have been more or less than

woman if she had refused to say it. Her own wrongs righted, her own child's *status* fixed, it mattered nothing to her what other results followed from her declarations. She would have been true to her own offspring, and this was all she had at heart. Suppose this to have been the fact in this case, why should it not be established? I can see no reason and can find no law prohibiting it, and I am therefore constrained to dissent from the opinion of the majority of the court.

Rehearing refused.