## No. 4456.

JESSE R. POWELL VS. FACTORS' AND TRADERS' INSURANCE COMPANY.

This is an action on an open river policy. It was proved that the corn lost on the Lizzie Gill in January, 1870, was worth the amount claimed by plaintiff. The defense is that the insurance did not attach to this consignment, because plaintiff failed to make returns of certain produce received by him previously, as required by the condition of the contract annexed to the policy.

It seems that, without the knowledge of plaintiff, his clerk, whose duty was to make returns to defendants of all shipments covered by the policy, neglected to report certain consignments of produce which were made to plaintiff in August and December, 1869. Defendants were aware of this, but continued to do business with plaintiff until the sixteenth of March, 1870, when the policy was canceled, receiving in the meantime premiums amounting in the aggregate to $3999 27.

From this statement of facts there flow two propositions which seem to be inevitably correct:

First—If the breach of contract now complained of *ipso facto* avoided it, respondents should return to plaintiff the premiums received subsequent to said avoidance.

Second—If the contract of insurance was voidable on account of· the delinquencies of plaintiff in August and December, 1869, and respondents, with full knowledge thereof, delayed canceling the policy until the sixteenth of March, 1870, receiving thereunder a large amount of premiums in the meantime, respondents should be held liable for the losses which occurred during the same period.

Defendants ought not to be heard asserting the nullity of the contract of insurance, while accepting the premiums—the fruits thereof—with full knowledge of the failure of plaintiff to make returns of produce for August and December, 1869.

Defendants fail in the attempt to draw a distinction between what they call a cotton contract and a produce contract, alleging that forfeiture attached to the latter and not to the former, because plaintiff always made proper returns for the cotton shipped to them, and therefore the large premiums received on the cotton can be retained, because that contract remained valid, while the produce contract became void by plaintiff's failure to make returns of produce for August and December, 1869. But if the produce contract was forfeited at that time, how is it that in January, February, and March, 1870, defendants continued to receive from plaintiff returns of corn consigned to him ?

But, in fact, it is not found in the record that there were two distinct contracts, one for cotton and one for produce. On the contrary, there was but one contract annexed to the open policy of insurance, and it is known as "cotton and produce contract No. 8, under open river policy No. 32."

Defendants cannot accept the fruits of a contract and allege its invalidity for a breach thereof known at the time of such acceptance of the fruits. If it was valid to earn premiums, it remained valid to bind the insurer for losses incurring in the meantime.

But plaintiff is not suing to recover the insurance on the shipments of January and December, 1869, in which cases he failed to make proper returns and payments of premiums. He sues on the loss incurred on the consignment of the Lizzie Gill, for which he is not in default on account of not having made the proper return. He is therefore entitled to the amount insured thereon.

APPEAL from the Fourth District Court, parish of Orleans. *Theard, J. Lacey & Butler* and *W. W. Edwards*, for plaintiff and appellant. *Gibson & Gibson*, for defendants and appellees.

WYLY, J. This is an action on an open river policy for $3453 97, the insurance on a lot of corn consigned to plaintiff which was lost on the Lizzie Gill in January, 1870.

In case it should be held that said policy was forfeited by plaintiff's failure to make return of produce received in August, 1869, pursuant to a clause of the contract annexed to said policy, plaintiff prays that the defendant be condemned to make restitution to him of the premiums paid subsequent to that time, which amount in the aggregate to $3999 27.

Defendant admits the execution of the open river policy No. 32, and the cotton and produce contract annexed thereto, but alleges that in consequence of plaintiff's failure to make returns of produce, as required by a clause of the contract annexed to the policy, the insurance of produce under said open policy was rightfully and lawfully declared void by the insurer at the time plaintiff proposed making a return of the 1548 sacks of corn shipped on the Lizzie Gill.

Defendant further alleges that as plaintiff made due returns of the cotton received by him the insurance thereof was valid, and the premiums thereon having been duly earned, respondent should not be required to refund them to plaintiff.

It is proved that the corn lost on the Lizzie Gill was worth the amount claimed. The defense is that the insurance did not attach to this consignment, because plaintiff failed to make returns of certain produce received by him previously, to wit: in August and December, 1869, as required by the following condition of the contract annexed to the policy:

"And it is a condition of this insurance that the assured shall make returns of all produce and merchandise by each boat on which the risk terminated, and monthly returns of all cotton on which the risk may have terminated, according to the printed form furnished the assured by this company, and the premium that shall have accrued thereon shall be paid in cash at the beginning of every month; and in case the assured should neglect or refuse to pay the premiums in cash that may have accrued at the beginning of every month, this insurance may be declared void and of no effect by the insurer."

It seems that, without the knowledge of plaintiff, his clerk, whose duty it was to make returns to defendant of all shipments covered by the policy, neglected to report certain consignments of produce which were made to plaintiff in August and December, 1869. Defendant was aware of this, but continued to do business with plaintiff until the sixteenth of March, 1870, when the policy was canceled, receiving in the meantime premiums amounting in the aggregate to $3999 27. There are two propositions which seem to be inevitably correct:

First—If the breach of contract now complained of *ipso facto* avoided

it, respondent should restore to plaintiff the premiums received subsequent to said avoidance.

Second—If the contract of insurance was voidable on account of the delinquencies of plaintiff in August and December, 1869, and respondent, with full knowledge thereof, delayed canceling the policy until the sixteenth of March, 1870, receiving thereunder a large amount of premiums in the meantime, respondent should be held liable for the losses which occurred during the same period. In other words, if the contract was valid for the earning of premiums during this period, it was valid to cover losses which occurred during that time.

Besides, defendant ought not to be heard asserting the nullity of the contract of insurance while accepting the premiums, the fruits thereof, with full knowledge of the failure of plaintiff to make returns of produce for August and December, 1869.

Defendant, however, attempts to draw a distinction between what it calls the cotton contract and the produce contract, alleging that forfeiture attached to the latter and not to the former, because plaintiff always made proper returns for the cotton shipped to him. And, therefore, the large premiums received on the cotton can be retained, because that contract remained valid, while the produce contract became void by plaintiff's failure to make returns of produce for August and December, 1869. It is proved that subsequent to the eighteenth of January, 1870, the time the loss in question occurred, and during the months of January, February, and March, 1870, there were several consignments of corn received by the house of J. R. Powell, and returns of the same were made to and received by defendant. If the produce contract was forfeited, how is it that in January, February, and March, 1870, defendant continued to receive from plaintiff returns for corn consigned to him?

But we do not find in the record two contracts, one for cotton and one for produce. There was but one contract annexed to the open policy of insurance. And it is known as "cotton and produce contract No. 8, under open river policy No. 32."

In that contract is found the condition quoted, requiring the returns of produce, merchandise, and cotton, and the payment of premiums as therein stated, and stipulating, as a penalty, that for neglect to pay the accrued premiums at the beginning of every month "this insurance may be declared void and of no effect by the insurer."

Now, whether the breach of this stipulation by plaintiff in August and December, 1869, resulted in the avoidance or the avoidability of the contract of insurance, it is important to decide, because, in either case, plaintiff will be entitled to relief.

If it avoided the policy, defendant, as before remarked, must return the premiums subsequently received, which are more than the amount of.

the insurance demanded. If it made the contract of insurance voidable, the nullity thereof was without effect until the contract was canceled on the sixteenth of March, 1870, which was nearly two months after the loss in question occurred. But this we do decide, that defendant will not be heard to allege the invalidity of the contract of insurance by reason of the breach thereof by plaintiff in August and December, 1869, in order to escape the loss which occurred on the eighteenth of January, 1870, on the consignment of corn on the Lizzie Gill; because, with full knowledge of the breach aforesaid, defendant continued to recognize the contract of insurance and to accept premiums from plaintiff thereunder until sixteenth March, 1870. Defendant cannot accept the fruits of a contract and allege its invalidity for a defect or breach thereof known at the time of such acceptance of the fruits. If it was valid to earn premiums, it remained valid to bind the insurer for losses occurring in the meantime.

The learned counsel for defendant, however, argue in their brief that, under the contract, the neglect to make returns or to pay the premiums at the beginning of every month will not avoid the policy, but that in every case of neglect on the part of the insured to make proper returns and payments "this insurance may be declared void and of no effect by the insurer," meaning the insurance on the shipment the plaintiff has neglected properly to return and pay the premium on. In reply to this position, it is only necessary to state that plaintiff is not suing to recover the insurance on the shipments of January and December, 1869, in which cases he failed to make proper returns and payments of premiums. No losses occurred, and no responsibility is sought to be enforced against defendant on account of said consignments. And it was in regard to these alone that there was any breach of contract on the part of the insured.

He is not in default or chargeable with neglect to make returns for the consignment on the Lizzie Gill the loss of which is now the subject of controversy.

Defendant's counsel cites the case of Dorrville vs. the Sun Insurance Company, 12 An. 259, where, by "the terms of the policy, the party desiring to be insured upon any particular shipment of merchandise was bound to present to the insurance company an invoice of the goods and pay or secure the premium to the company. When this was done, and the amount of the invoice was indorsed on the policy, the contract of insurance was complete." As plaintiff in the case cited failed to comply with the requirement stated he was not permitted to recover.

In the case at bar, however, there was no such stipulation in the policy. Here the stipulation was that "the assured shall make returns of all produce and merchandise by each boat on which the risk terminated, and

monthly returns of all cotton on which the risk may have terminated, * * * and the premiums that shall have accrued thereon shall be paid in cash at the beginning of every month."

Here the insurance took effect from the date of shipment, but the assured was bound to make returns at a certain time and pay the premiums. If he failed to do so, the consequence was "this insurance may be declared void and of no effect by the insurer."

Defendant's counsel also cites Rafel vs. the Nashville Marine and Fire Insurance Company, 7 An. 244, where the policy contained a condition that "goods held in trust or on commission are to be declared and insured as such, otherwise the policy will not cover such property."

In the case at bar there is no such condition in the policy, and the case cited has no application.

In Shearer vs. Louisiana Mutual Insurance Company, 14 An. 797, also cited by defendant, there was a controversy arising under a clause of the policy which does not arise in this case, and that decision has no important bearing on this case. The other authorities cited by defendant also appear to be inapplicable.

It is therefore ordered that the judgment herein be annulled, and that plaintiff recover of defendant $3453 97 (less three-fourths of one per cent, the amount of premium,) with five per cent interest from first of March, 1870, and costs of both courts.

Rehearing refused.