## No. 1319.

### THE STATE EX REL. R. T. McCLENDON vs. JAMES H. SIMMONS.

The proceedings of police juries must be kept in writing.

The minutes of their proceedings make up a public record imparting absolute verity, and they cannot be attacked or contradicted in a collateral action, to which the board are not made parties. Nor can their secretary in such an action be required to correct alleged errors, or supply alleged omissions in their minutes.

APPEAL from the Third District Court, Parish of Claiborne. *Barksdale, J.*

*John A. Richardson* and *McClendon & Seals* for the Relator and Appellee.

State ex rel McClendon vs. Simmons.

*Joel A. Richardson* and *John Young* for the Respondent and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.   This case involves the right to the office of Treasurer of Claiborne parish, and defendant appeals from a judgment decreeing relator to be entitled to the office.

Both parties claim to have been elected to the office on the same day by the police jury.   The official minutes of the body for that day, which are in evidence, contain the following entry :   "When, on motion, the board proceeded to the election of parish treasurer, and after several ballots, R. T. McClendon was elected treasurer for four years next ensuing," and the proceedings of the succeeding day show that the minutes of the previous day were duly read and approved.

This showing unquestionably makes a *prima facie* case in favor of the relator.   In order to meet it, defendant had recourse to parol evidence, the testimony of the secretary of the board to show that, at the first ballot taken on that day, defendant had received four out of seven votes cast, and that the president had arbitrarily refused to declare his election.   He also proposed to require the witness to correct the minutes by supplying an omission to enter therein the fact and the result of alleged first ballot taken on that day resulting in his election, and of which no mention had been made in the minutes.

The attempt was properly resisted by relator, who contended that the minutes of the board could not be thus attacked in a proceeding to which the president and members of the police jury had not been made parties.

His position is fully sustained by law, and it disposes of defendant's pretentions to the office.

It is elementary that the proceedings, ordinances and resolutions of police juries must be kept in writing.   Police Jury of Ouachita vs. Town of Monroe, 38 Ann. 630.   In that case the court used the following language, in dealing with an effort to prove by parol, authority in the president to stand in judgment for the board :

"In his oral argument he (counsel) referred as proof of such authorization to the affidavit of plaintiff in support of the injunction prayed for, but he could not have been serious in such a contention."

"Police juries act only by ordinances, or resolutions, and so parol testimony would be admissible to prove either."

The argument of defendant's counsel that the proposed correction of the minutes was not intended to contradict the record but merely to

supply an omission, a proceeding sanctioned by jurisprudence, is untenable.

The record, as made by the minutes, show that R. T. McClendon was elected treasurer, and the proposed correction would show the election of another person, J. H. Simmons, his opponent at the election. If such a proceeding is not a contradiction we can hardly conceive an instance of contradiction.

The contention is squarely covered, and it must be controlled, by the views announced by the court in the case of Gaither vs. Tax Collector et al., 40 Ann. 362, from which we make the following quotation as fairly decisive of the point under present consideration:

"The official minutes of the proceedings of the board of levee commissioners show, that they levied the tax in question at a meeting duly convened and held at Delta, Louisiana, on the 22d of January, 1886."

" Plaintiff's counsel sought to impeach this record by parol evidence, but the introduction of it was successfully resisted by defendants, on the grounds, viz:

1. "That the official minutes of the board constitute a public record which imports absolute verity on its face, and same cannot be contradicted by parol, nor attacked in collateral proceedings to which said commissioners are not made parties."　　*　　*　　*　　*　　*

"In our view of this question, it cannot be examined and decided in the collateral way, and in a suit to which the commissioners, who levied the tax, are not made parties." And the court refers with approval to the following dictum from the court of a sister State :

"If a town corporation makes an erroneous record of its proceedings, this cannot be contradicted in a collateral action. In such action the record is conclusive. If *false*, and the corporation will not correct the record, a party interested may, by *mandamus*, compel it to make the correction."

That utterance is strongly suggestive of the remedy which defendant once had within his reach for the protection of his rights, but which he has not seen fit to invoke.

Unless the members of a municipal corporation are before the court, there is no warrant for a judicial coercion on their secretary, who is not the officer of the court, to perform any act or duty, touching the records of the corporation.

We therefore conclude with the District Judge that the relator is the duly elected treasurer of the parish of Claiborne.

Judgment affirmed.