DAWKINS, J.
Plaintiff and defendant signed a document purporting on its face to be a lease of a store counter, upon which defendant (the purported lessee) paid the sum of $12 cash, and executed a note for $306, payable in installments of $17 each on the first of» every month for a period of 18 months. It was further stipulated that; if, at the end of said lease, defendant had fully performed its terms, that is, had paid the monthly installments, he should have, for the period of 30 days, the privilege of purchasing the counter for $10.
Thereafter, and before the counter had been delivered, circumstances- arose (which we shall hereafter discuss) which resulted in this suit — not for specific performance and the purchase price, but upon a certain clause or stipulation of tbe instrument for liquidated damages because of the refusal to accept delivery of the counter.
Defendant first excepted that the petition disclosed no cause of action. This was overruled, and he then answered admitting the contract, averring its violation by plaintiff, and reconvening for damages for said alleged breach.
The district court gave judgment for plaintiff for the stipulated damages, and rejected the reconventional demand. The Court of Appeal reversed this judgment and rejected plaintiff’s demand, upon the ground that the claim was for disguised usurious interest and its recovery prohibited by statute.
The case is now before us for review upon certiorari.
Opinion.
The Court of Appeal did not discuss the exception of no cause of action, but after stating the issues, immediately tools up and considered the claim as one for usurious interest, citing at length authorities to sustain that view.
Exception of No Cause of Action.
The exception of no c^use of action did not, of course, set forth the particulars in which it was contended no cause -of action was shown; but, from the briefs, it appears that it was based upon the theory that' the alleged lease was a nudum pactum. In support of that proposition, it is pointed out that, while the document was signed by both parties, it imposed no obligation upon plaintiff (lessor) because of tbe following clause, to wit:
“It is further agreed that- the Sherer-Gillett Company does not undertake to deliver said counter within any specified time, but only as promptly as prior orders and shipping fa *307 cilities reasonably permit, and that they are not to be liable for any delay or failure in the delivery thereof due to any cause whatsoever, either within their control or otherwise.”
 In a commutative contract, the parties are reciprocally bound to perform, and for failure to do so, the one in whose favor the breached stipulation runs has (in some cases an action for specific performance at his option) an action to recover damages, such as may have been suffered and as were within the legal contemplation of the parties at the time of signing the agreement. R. 0. O. 1926 et seq. It is this legal tie, backed by the force of the law, which makes a contract binding. However, in the present ease, plaintiff sought to escape from that situation, by having defendant agree that no such damages might be recovered, no matter how gross its fault might be. The result was that it was at liberty to perform or not as it saw fit, without running any risk; it was not bound, and neither was the defendant. R. C. C. arts. 1893, 1799 ; Campbell v. Lambert, 36 La. Ann. 35, 51 Am. Rep. 1 ; Landecker v. Sarpy, 37 La. Ann. 836 ; Martel v. Jennings-Heywood Oil Syndicate, 114 La. 358, 38 South. 253.
After the exception o.f no cause of action was overruled, defendant, “without * * * waiving the exceptions * * * ” defied that he was indebted to plaintiff in any sum, but admitted that “he had entered into a contract with plaintiff not in the manner set forth therein; and avers that the said plaintiff deliberately failed to comply with the terms of this contract as will be fully shown upon the trial hereof.” Respondent denied that he had refused to accept said counter, and further averred as follows:
“Further answering says that when he purchased said counter for his store petitioner agreed and obligated itself through its agents to deliver the same at once from its local warehouse, and it was found afterwards petitioner did not have any in the warehouse and could not make delivery.
“That respondent waited for the delivery of said counter all through the months of April, May, and the early part of June, and when he found out petitioner could not comply with its contract and he being in immediate need of the same, the contract was canceled the latter part of June, 1920, and respondent forced to buy another counter in the open market.
“Now, assuming the position of plaintiff in reconvention, petitioner alleges that in order to bind said contract he was induced to pay ■defendant in reconvention the sum of $12 as more fully appears from the receipt dated April 1, 1920, made part hereof, and to be produced upon the trial of this cause.
“First. That by reason of the failure of the Sherer-Gillett Company to comply with the terms and conditions of said contract and to deliver in due time said counter petitioner in reconvention has suffered damages in the true sum of $500, as will be more fully shown upon the trial of this cause.”
The prayer of the answer was that plaintiff’s petition be dismissed at its cost, and that defendant have judgment in reconvention for $512, with interest, costs, etc.
The answer contains no suggestion of the ■issue now raised, i. e., that the contract is a nudum pactum, although respondent’s rights under the “exceptions” were sought to be reserved. The defendant could have pleaded the want of mutuality, and, in the alternative, have set up and sued upon the alleged breach; but, on the contrary, he admitted the execution of the contract, and his complaint was, not that plaintiff was not bound, but that it had not complied with the terms of the contract, notwithstanding it had “agreed and obligated itself through its agents to deliver the same at once from its warehouse, etc.” It looks very much, therefore, as if the idea that the instrument was a nudum pactum was an afterthought.
It is evident that if defendant had sued upon this document in the first instance, as he has done in reconvention, and the present plaintiff had, itself, sued' in reconvention for the stipulated damages, defendant as plaintiff (suing upon the contract) could not be heard to say in defense of the action *309 for damages, that the instrument was a nudum pactum. The situation is no different as it is; both parties are claiming rights growing out of and flowing from the contract, and hence' neither can repudiate it. The reason is that neither law, equity, nor good conscience will allow one to claim the benefits and at the same time escape the obligations of an undertaking. Willoughby v. Fidelity Co., 16 Okl. 546, 85 Pac. 713, 7 L. R. A. (N. S.) 548, and notes, 8 Ann. Cas. 603.
We conclude, therefore, that whatever may have been the relative rights of the parties in the beginning, the question of mutuality no longer exists under the state of the pleadings.