(120 So. 38)

No. 29023.

**HORNE v. BEATTIE et al.**

Nov. 26, 1928.

Rehearing Denied Jan. 28, 1929.

M. D. Dimitry and George T. McSween, both of Shreveport, for appellants.

Hunter, Morgan & Hunter and Joseph H. Levy, all of Shreveport, for appellee.

OVERTON, J. In 1924, Mrs. Marion Beattie presented to the district court for the parish of Caddo a will for probate, which she represented as being the last will and testament of Mrs. Florence A. Toombs, deceased. This will purported to leave, with the exception of $1 bequeathed to the relatives of the decedent, and with the exception of a legacy of $5,000 in favor of Father Bertell, all that the deceased possessed to Mrs. Marion Beattie, and to name Mrs. Beattie testamentary executrix, without bond. The will was admitted to probate, and Mrs. Beattie was appointed and qualified as testamentary executrix. An inventory of the estate was taken, which showed it to be worth something over $85,000. Mrs. Beattie then filed a tableau of debts, which was homologated by the district court, no opposition having been made to it. Mrs. Beattie needed approximately $13,000 to pay the debts of the succession, and also to pay inheritance taxes. She was represented in these proceedings by John F. Slattery, Esq. Slattery applied to one of his clients, the plaintiff herein, to lend Mrs. Beattie the money. Plaintiff agreed to make the loan on certain real property, then be-

longing to the succession, provided that the title tendered was good. The executrix, Mrs. Beattie, then applied to the district court for an order to sell the property on which she contemplated giving the mortgage for the purpose of paying the debts of the succession. The application was granted, and the property was adjudicated at public auction to Mrs. Beattie for $18,000. Slattery, after the recordation of the deed to Mrs. Beattie, advised plaintiff that ·the title was good. Thereupon plaintiff loaned Mrs. Beattie the $13,000 which she desired, and, as security, Mrs. Beattie granted plaintiff a mortgage on the property, purchased by her at public auction. Mrs. Beattie deposited the money in bank, and drew against it for the purpose of paying the succession debts and the inheritance taxes. One of these checks amounted to $9,500, which was drawn in favor of Slattery, and was given to pay him the balance of his attorney's fees and also to pay an inheritance tax, due by Mrs. Beattie to the state, amounting to $5,647.31.

Almost immediately after the foregoing check was received by Slattery, rumors arose to the effect that the legal heirs of Mrs. Toombs contemplated attacking the· will that had been admitted to probate as a forgery, and to gain possession of the estate. These rumors reached Slattery, and he retained the $5,647.31 given him to pay the inheritance tax, instead of paying that sum to the tax collector, with the evident intention of safeguarding the interests of plaintiff.

The rumors of the threatened attack upon the will were not idle rumors. Efforts to amicably settle the trouble that had arisen were made. These efforts, after some failures, finally resulted in an agreement by which the legal heirs of Mrs. Toombs agreed to sell to Mrs. Beattie all the property of the succession for $50,000, payable six months after the date of the sale, and it was also agreed that Mrs. Beattie would give an order on Slattery to deliver the $5,647.31 held by him for the payment of the inheritance tax.

Slattery, having learned of what had been agreed upon, called on M. D. Dimitry, Esq., who represented the legal heirs as their counsel, and who held a power of attorney from them, and gave him a full account of why the mortgage to plaintiff had been granted; informed him of the responsibility that he felt towards plaintiff, after having induced him to make the loan, and advised Dimitry that under no circumstances would he deliver the $5,647.31 to him, unless he and the Toombs heirs would ratify and confirm plaintiff's mortgage. Dimitry, in behalf of the heirs of Mrs. Toombs, finally consented to do ·this. Therefore, when the deed was prepared to consummate the compromise and settlement of the trouble that had arisen, there was inserted in it the following clause, to wit:

"This sale and transfer is made subject to an existing mortgage for the sum of thirteen thousand dollars held by Charles L. Horne and recorded in Mortgage Book 109, page 349, of the Recorder's Office of Caddo Parish, Louisiana, which. mortgage affects Lot 5 and the adjoining twelve feet of Lot Six of Block Fifty-eight of the City of Shreveport only."

The deed, containing the foregoing clause, was signed by the legal heirs of Mrs. Toombs, through their attorney in fact, M. D. Dimitry, as vendors, and by Mrs. Beattie and her husband, as vendees. Plaintiff was not a party to the deed, and therefore did not sign it. However, the clause, quoted above, was shown to Slattery, and he approved it. Immediately after the execution of the deed containing that clause, Slattery honored the order of Mrs. Beattie to pay to Dimitry the $5,647.31 held by him for the payment of the inheritance tax.

The deed mentioned above, when analyzed, shows that, for the purpose of the conveyance, all of the property left by Mrs. Toombs was

treated as belonging, not to Mrs. Beattie, but to the legal heirs of Mrs. Toombs, and that the latter sold all of this property to Mrs. Beattie and her husband for $50,000, payable in six months, subject to an existing mortgage for the sum of $13,000, held by Charles L. Horne, the plaintiff herein, which is the mortgage involved in this case.

The will presented by Mrs. Beattie for probate was annulled, as was also the foregoing deed, in the case of Beattie et al. v. Dimitry et al., 162 La. 571, 110 So. 759, and in the Succession of Mrs. Florence A. Toombs, 162 La. 585, 110 So. 764, the legal heirs of Mrs. Toombs were placed in possession of her estate.

After the termination of the foregoing cases, the plaintiff in the present case instituted proceedings to foreclose his mortgage. Dimitry, who was claiming an interest in the property mortgaged for services rendered and to be rendered to the legal heirs of Mrs. Toombs, and those heirs, themselves, filed interventions in the proceedings instituted by plaintiff, praying, for various reasons, that they be decreed to be the owners of the property mortgaged, and that it be declared not subject to the mortgage granted by Mrs. Beattie in favor of plaintiff, and forming the basis of plaintiff's suit. Plaintiff answered these interventions, setting up various defenses. Among these defenses is a plea of estoppel, based upon the recognition of plaintiff's mortgage, contained in the deed by the legal heirs of Mrs. Toombs, through Dimitry, their attorney in fact, to Mrs. Beattie and her husband, and upon the alleged fact that the money borrowed, including the part paid over by Slattery to Dimitry, inured to the benefit of the legal heirs of Mrs. Toombs. The trial court sustained this plea and dismissed intervener's demand.

 Ordinarily a deed that is null cannot form the basis of an estoppel. 10 R. C. L. p. 675, § 2. However, plaintiff was not a party to that deed, nor to the suit in which it was annulled. The provision contained in the deed, and urged as an estoppel, is in the nature of a stipulation in favor of a third person, recognizing, in effect, the validity of a mortgage held by such person. The provision was inserted in the mortgage with the consent of the heirs of Mrs. Toombs, and also with Dimitry's consent. It was inserted to enable the heirs to obtain the money in Slattery's hands, without further trouble, which Slattery was holding on the theory that Mrs. Beattie should not part with it, in view of the situation that had arisen, threatening the validity of plaintiff's mortgage, until there was a recognition of the validity of that mortgage. The money, when paid over to Dimitry, was used for the benefit of the heirs of Mrs. Toombs, as the record indisputably shows. Moreover, a part of the remainder that was borrowed by means of the mortgage inured directly to the benefit of the heirs of Mrs. Toombs, for it was used to pay funeral expenses and other debts of the deceased, which the heirs would have been bound to pay, had it not been for their payment out of the money borrowed, or out of a part of it. It is fair to infer that this fact played a part in causing the heirs of Mrs. Toombs to recognize plaintiff's mortgage.

The clause in the deed, upon which the plea of estoppel is based, is a clear recognition of the validity of the mortgage, held by plaintiff, for not only is the transfer made subject to the mortgage, but the mortgage is described in the clause as an "existing mortgage," and is there so termed. Having distinctly recognized the validity of the mortgage, for a consideration, we think that Dimitry and the heirs of Mrs. Toombs should not be permitted to question its validity or its operation upon the property mortgaged, or, for the purpose of annulling the mortgage, to question the validity of the title to the property under which Mrs. Beattie mortgaged the

property. A person cannot accept the benefits of an act and repudiate its obligations. Succession of Monette, 26 La. Ann. 26; Theriot v. Michel, 28 La. Ann. 107; Sherer-Gillett Co. v. Bennett, 153 La. 304, 95 So. 777. We therefore think that the plea of estoppel is well founded.

For these reasons, the judgment appealed from is affirmed.

O'NIELL, C. J., takes no part.