BRUNOT, J.
 

 This is an appeal from ■ a judgment enjoining the defendants named in the petition from selling or offering for sale “Lot 5, and 12 feet of Lot 6, lying next to and adjoining Lot 5, in Block 58, City of Shreveport, Caddo Parish, La., together with the buildings and improvements thereon,” pending the further order of the court.
 

 The property involved herein belonged to the late Mrs. Florence A. Toombs at the time of her death, and this proceeding is one of the concluding, if not the last, of a series of suits which followed the opening of her succession. In the case of Charles L. Horne v. Mrs. Marjorie Beattie et al., No. 29023 of the docket of this court, ante, p. 647, 120 So. 38, Mr. Justice Overton has accurately stated all of the proceedings had in the said succession which gave rise to this suit, except the case of Brown et al. v. Furlong et al. (La.) 119 So. 252.
 
 [1]
 
 Charles L. Horne was not a party to that suit, and the judgment therein was not binding upon him. In the Horne-Beattie Case all of the parties to the Brown-Furlong Case intervened. The case was tried contradictorily with them, and the judgment rendered therein is conclusive of the issue presented in the case now before us, for the reason that the same property was involved in both of said suits. In the Horne-Beattie Case, the plaintiff’s plea of estoppel was sustained, and the validity of his title to the property was recognized. In concluding his reasons for sustaining the plea of estoppel, Mr. Justice Overton says:
 

 “The clause in the deed, upon which the plea of estoppel is based, is a clear recognition of the validity of the mortgage, held by plaintiff, for not only is the transfer made subject to the mortgage, but the mortgage is described in the clause as an ‘existing mortgage,’ and is there so termed. Having distinctly recognized the validity of the mortgage, for a consideration, we think that Dimitry and the heirs of Mrs. Toombs should not be permitted to question its validity or its operation upon the property mortgaged, or, for the purpose of annulling the mortgage, to question the validity of the title to the property under which Mrs. Beattie mortgaged the property. A person cannot accept the benefits of an act and repudiate its obligations. Succession of Monette, 26 La. Ann. 26; Theriot v. Michel, 28 La. Ann. 107; Sherer-Gillett Co. v. Bennett, 153 La. 304, 95 So. 777. We therefore think that the plea of estoppel is well founded.”
 

 For the foregoing reasons, we think the judgment appealed from is correct, and it is therefore decreed that it be affirmed, at appellant’s cost.
 

 THOMPSON, J., takes no part.
 

 [1]
 

 Ante, p. 348.