182 So. 656

**BURK v. LIVINGSTON PARISH SCHOOL BOARD.**

No. 34543.

June 27, 1938.

H. W. & H. M. Robinson and F. B. Free-land, all of New Orleans, and Reid & Reid, of Hammond, for appellant.

Bolivar E. Kemp, Jr., Dist. Atty., of Amite, Joseph M. Blache, Jr., Asst. Dist. Atty., of Hammond, and James O'Connor, First Asst. Atty. Gen., for appellee.

LAND, Justice.

Plaintiff filed suit for $5,987.47, alleged to be the balance due for architectural services rendered defendant, under a verbal contract and resolution of defendant School Board.

In response to the citation, defendant prayed for oyer of the resolution of the Board employing plaintiff. In answer to the prayer for oyer, the plaintiff replied that he did not have a written contract or resolution of the Board, and that the resolution was a verbal one.

Defendant School Board then filed an exception of no right or cause of action. Plaintiff filed a plea of estoppel. On the trial of the exception and plea of estoppel, the court maintained the exception and dis-missed plaintiff's suit. From this judgment, plaintiff has appealed.

(1) Defendant Board's exception of no right or cause of action is based upon the contention that under Section 3 of Act No. 73 of 1926, as amended by Act No. 20 of the Fourth Extra Session of 1935, relative to contracts by police juries, school boards and other public bodies, it is provided that when the amount involved exceeds the sum of $500, and when the purpose of the bid is for the purchase of materials or supplies, or for the construction or doing of any public works, a written contract shall be entered into by the successful bidder and the governing authority letting the contract.

Defendant Board then argues that plaintiff is without right or cause of action, as in the instant case, there was neither resolution, ordinance or written contract of any kind to authorize the employment of plaintiff.

It is alleged in paragraph 7 of the petition:

"That, acting under the aforesaid agreement, plaintiff performed the service as shown on the detailed and itemized statement, marked B-1 to 8, inclusive, annexed hereto and made part hereof; that, as appears from the said statement, there is a balance of $5987.47, due to petitioner by the said School Board."

It is further alleged in paragraph 8 of the petition:

"Petitioner further shows that the said services were performed in a first class, expert manner, and to the entire satisfaction of the said School Board, but that it has

failed and refused to pay petitioner the said balance of $5987.47, due as aforesaid."

■ The case being tried on an exception of no cause of action, all well pleaded allegations of fact are taken as true.

■ Plaintiff's petition shows that under a verbal contract with defendant School Board, he performed architectural services for the Board to the value of over $8,000; that these services were in planning and supervising the erection and repairing of school property belonging to the Board; that this work was properly performed to the entire· satisfaction of the defendant; that the defendant accepted his work and services, retained the full benefits thereof, and paid over $2,000 on account.

Even if the statute relied upon by defendant School Board required a written contract, the fact that the work was done, the contract completed and executed, and part of the price paid operates as an estoppel of defendant from raising that question.

It is an equitable maxim of our Civil Code that "no one ought to enrich himself at the expense of another." R.C.C. Art. 1965.

"Neither· law, equity, nor good conscience will allow one to claim the benefits and at the same time escape the obligations of an undertaking. Willoughby v. Fidelity Co., 16 Okl. 546, 85 P. 713, 7 L.R.A.(N.S.) 548, and notes, 8 Ann.Cas. 603." Sherer-Gillett Co. v. Bennett, 153 La. 304, 309, 95 So. 777, 779.

"A person cannot accept the benefits of an act and repudiate its obligations.. Succession of Monette, 26 La.Ann. 26; Theriot v. Michel, 28 La.Ann. 107; Sherer-Gillett

Co. v. Bennett, 153 La. 304, 95 So. 777." Horne v. Beattie, 167 La. 647, 120 So. 38, 39.

In Powell v. Factors' & Traders' Ins. Co., 28 La.Ann. 19, Syllabus, it is said:·

"Defendants cannot accept the fruits of a contract and allege its invalidity for a breach thereof known at the time of such acceptance of the fruits."

56 Corpus Juris, 44, Par. 536, Schools and School Districts, states the law as follows:

"Although it has been said that the contract may be either oral or written, statutes in some jurisdictions provide that the contract be in writing, in which case anything not in writing is not a contract, although where the contract is within the power of the school authorities executing it, and so performed that to refuse to fully execute would operate as a fraud and result in a situation for which there is no compensation, the contract is enforceable."

And at page 515, Par. 584, it is said:

"Where the district has received and appropriated the benefits of a contract it had the power to make, it will be estopped from asserting the invalidity of the contract on the ground of a defect in its execution or other irregularity in the exercise of the power."

In Busch-Everett Co. v. Vivian Oil Co., 128 La. 886, 887, 55 So. 564, it is said in the syllabus by the Court:

"Where a party to a contract has obtained all the benefits he intended to obtain from such contract, he cannot subsequently

be heard to urge that the contract is void because it contains a potestative condition, and thus defeat the rights of the party who has performed his part of the contract."

It is expressly provided in the third paragraph of Article 2272 of the Revised Civil Code that:

"The confirmation, ratification, or voluntary execution in due form, and at the period fixed by law, involves a renunciation of the means and exceptions that might be opposed to the act, without prejudice, however, to the right of persons not parties to it."

Article 1816 of the Revised Civil Code also provides:

"Actions without words, either written or spoken, are presumptive evidence of a contract, when they are done under circumstances that naturally imply a consent to such contract."

Defendant School Board entered into this contract, confirmed and ratified its execution by accepting its performance, and paying a part of the purchase price, and by retaining the benefits of the contracts.

The plea of estoppel is therefore well founded and should have been maintained in the lower court.

The two cases relied upon by defendant School Board do not relate to verbal contracts made by a police jury or a school board, and subsequently confirmed and ratified by their execution, as in the case at bar.

The first case of State ex rel. McClendon v. Simmons, 40 La.Ann. 758, 5 So. 29, was a contest between relator and respondent, both of whom claimed to have been elected the same day Treasurer of Claiborne Parish. Respondent endeavored to establish his claim to the office by attempting to correct the written minutes of the police jury by parol evidence, in a proceeding to which the president and members of the police jury had not been made parties. The Court held that this could not be done in collateral action.

In the second case of Broussard v. Verret et al., 43 La.Ann. 929, 9 So. 905, the suit was not against the School Board at all, but against a third party, who plaintiff claimed had taken possession of certain trees which he had bought under a contract with the President of the School Board, dated September 17, 1883, which authorized plaintiff during one year, to deaden, cut down and trail trees on a 16th section belonging to the School Board.

The time granted plaintiff to deaden these trees expired on September 17, 1884, and plaintiff testified that an extension was given him verbally some time after the expiration of the original right. The President of the Board had no recollection of any such extension. The Court held that that officer had no authority to make verbal grants of any kind affecting the school lands, that such lands were not in his charge, but are placed in trust of the Board of School Directors.

In neither of the cases relied upon by defendant School Board was there at issue the question of the liability of the Police Jury or of the Board to an obligee, under a verbal contract, duly performed, and upon

which had been made partial payments, as in the case at bar.

For the reasons assigned, it is ordered that the judgment appealed from be annulled and reversed.

It is now ordered that the plea of estoppel herein tendered by plaintiff be maintained, and that defendant's exception of no cause or right of action be overruled at defendant's costs, and that this case be remanded and reinstated on the docket of the Twenty-first Judicial District Court for the Parish of Livingston, to be proceeded with according to law and the views herein expressed.

FOURNET, J., takes no part.