186 So. 52

TURFITT v. POLICE JURY OF TANGIPA-
HOA PARISH.

No. 35053.

Jan. 10, 1939.

Bolivar E. Kemp, Jr., Dist. Atty., of
Amite, Joseph M. Blache, Jr. Asst. Dist.
Atty., of Hammond, and James O'Connor,
of New Orleans, for appellant.

Marcus and Corkern and Flanders and
Fred A. Kullman, all of New Orleans, and
Ponder & Ponder, of Amite, for appellee.

LAND, Justice.

On May 21, 1928, the Town of Amite
City in the Parish of Tangipahoa, entered
into a contract with James Contracting
Company for the paving of Oak Street be-
tween Bay Street and Duncan Avenue;
Mulberry Street between Bay Street and
Myrtle Street; Bay Street between Oak
and Mulberry Street; and Myrtle Street
between Oak Street and Mulberry Street.

On August 28, 1928, the Board of Alder-
men of the Town of Amite City adopted a
resolution, accepting this paving, as com-
pleted in full, according to the plans and
specifications and the report of the City
Engineer, and assessed against each por-
tion of the properties and the owners, the
respective amounts due, including "Police
Jury of Tangipahoa Parish, Louisiana,
Square 25, fronting 400 feet on Mulberry
Street, Bay Street, Oak Street and Myrtle
Street—$10,321.28, the contract and total
cost of the paving around the *courthouse
square* in the Town of Amite City, in the
Parish of Tangipahoa." Transcript, pp.
34, 35.

It is provided in the resolution adopted by the Town of Amite City, accepting the paving, "that the aforesaid amounts, assessed against the respective properties and owners thereon (thereof), as hereinabove set out, shall be paid in cash within ten days from date hereof, or, in lieu thereof, the respective property owners may, within said period of ten days, pay in cash ten per cent (10%) of said amounts, and for the balance may sign and execute, in favor of the Town of Amite City, Louisiana, their nine (9) promissory notes, each for ten per cent (10%) of said amounts, due on or before one to nine years after date, both inclusive, bearing interest at the rate of six per cent (6%) per annum from date until paid, payable annually, and containing the clause of ten per cent (10%) attorney's fees if not paid when due and placed in the hands of an attorney for collection; said notes to be paraphed 'Ne Varietur' by the Town Clerk to identify them with this resolution."

"That a copy of this resolution be recorded in the mortgage records of the Parish of Tangipahoa, State of Louisiana, in order to preserve to the Town of Amite City, or any future holder of said notes, the lien and privileges on the above mentioned and described properties as provided by law, and particularly by Act No. 168 of the Legislature of Louisiana for the year 1926."

"That any property owner who shall fail, refuse or neglect to pay the amount of the above assessment, or to make payments of ten per cent. cash and to execute notes for the balance as herein provided, within ten days from date hereof, shall be proceeded against by the City Attorney on behalf of said Town of Amite City for the collection of the full amount of said assessment, with interest, costs and attorney's fees, all as provided by Section 8 of Act No. 168 of 1926.

"That in cases where notes are signed in lieu of cash payment in full, according to the provisions of this resolution, the Mayor and Clerk of said Town of Amite City are hereby authorized and instructed, on behalf of said Town, to endorse without recourse any and all of said notes to the order of James Contracting Company, Contractor herein, at their full face value, as payment pro tanto on account of the contract hereinabove mentioned, and thereupon all assessments, liens and privileges securing said notes shall ipso facto be transferred to said James Contracting Company." Transcript, pp. 30, 31.

On September 11, 1928, the Police Jury of Tangipahoa Parish passed a resolution, "Authorizing and directing the president of the Police Jury, Mr. Jos. Kopfler, to make and sign a note on and in behalf of the Police Jury and in favor of the James Contracting Co. in the sum of One Thousand Thirty-two and 13/100 ($1,032.13) Dollars, said amount being the initial payment of ten per cent, 10%, of the contract and total cost of the paving around the *courthouse square;* viz: $10,321.28, the aforesaid note to bear date, 9/11/28, and payable 3/15/39 with interest at the rate of eight per cent per annum from date until paid.

"That the said President of the Police Jury shall execute nine (9) promissory

notes on and in behalf of the Police Jury of the Parish of Tangipahoa, and in favor of the Town of Amite City, Louisiana, in the sum of One Thousand Thirty-two and 13/100 ($1,032.13) Dollars each, and numbered 1 to 9 inclusive; said notes to be dated 9/7/28, and payable on the 7th day of September 1929–30–31–32–33–34–35–36– and 1937, inclusive with interest at the rate of six (6%) per cent. per annum from date until paid." Transcript, pp. 34, 35.

In this case, plaintiff, Myron Turfitt, as the holder in good faith for value before maturity, has brought suit against defendant, Police Jury, on six of these notes, Nos. 4, 5, 6, 7, 8 and 9, each in the principal amount of $1,032.13, or for the full sum of $6,192.78 Dollars, together with interest at the rate of 6% per annum from September 7, 1931, until paid, and for 10% upon the total of principal and interest as attorney's fees.

Plaintiff prays that his lien and privilege on the courthouse square be recognized, that this property be seized and sold at public auction, and that he be paid from the proceeds of sale the amount of his debt, including principal, interest, attorney's fees and all cost.

Judgment was rendered in the District Court in favor of plaintiff and against the Police Jury of Tangipahoa Parish, in the amount prayed for by plaintiff, with recognition of plaintiff's paving lien and privilege upon Square Twenty-five (25) of the Town of Amite City (the courthouse square), and making same executory.

From this judgment, the defendant, Police Jury of Tangipahoa Parish, has appealed.

(1) In the brief filed by defendant it is said:

"While it is true that a resolution was adopted by the Police Jury under date September 11, 1928, under the authority of which the Police Jury of the Parish of Tangipahoa authorized the signing and execution of the notes sued on, nevertheless, the said resolution did not provide for the means of payment of the said notes and, therefore, the said obligation, if any existed, is null, void and incapable of judicial performance." Sec. 2448 of the Revised Statutes.

In this case, the Police Jury, as the governing authority of the Parish of Tangipahoa, passed a resolution authorizing and incurring indebtedness upon a street paving project, which included paving around the courthouse square in the Town of Amite City, and has paid on this indebtedness ten per cent (10%) in cash; has paid the first three maturing notes; and has paid interest on the remaining six notes sued upon up to September 7, 1931. The contract has been executed, and the Police Jury has received all the benefits of the paving, which has been completed and accepted. Under such circumstances, defendant is estopped from avoiding liability for the balance on the ground that its ordinance did not make provision for the payment of the indebtedness.

As said by this court in Burk v. Livingston Parish School Board, 190 La. 504, 182 So. 656, 657:

"Even if the statute relied upon by defendant School Board required a written contract, the fact that the work was done, the contract completed and executed, and part of the price paid operates as an estoppel of defendant from raising that question.

"It is an equitable maxim of our Civil Code that 'no one ought to enrich himself at the expense of another.' R.C.C. Art. 1965.

"'Neither law, equity, nor good conscience will allow one to claim the benefits and at the same time escape the obligations of an undertaking. Willoughby v. Fidelity & Deposit Co., 16 Okl. 546, 85 P. 713, 7 L.R.A.(N.S.) 548, and notes, 8 Ann.Cas. 603.' Sherer-Gillett Co. v. Bennett, 153 La. 304, 309, 95 So. 777, 779.

"'A person cannot accept the benefits of an act and repudiate its obligations. Succession of Monette, 26 La.Ann. 26; Theriot v. Michel, 28 La.Ann. 107; Sherer-Gillett Co. v. Bennett, 153 La. 304, 95 So. 777.' Horne v. Beattie, 167 La. 647, 120 So. 38, 39."

"In Busch-Everett Co. v. Vivian Oil Co., 128 La. 886, 887, 55 So. 564, it is said in the syllabus by the Court: 'Where a party to a contract has obtained all the benefits he intended to obtain from such contract, he cannot subsequently be heard to urge *that the contract is void* because it contains a potestative condition, and thus defeat the rights of the party who has performed his part of the contract.'" Page 658. (Italics Ours.)

(2). In City of Monroe et al. v. Ouachita Parish School Board, 172 La. 861, 135 So.

657, it was held by the Court that the municipality was entitled to a lien on school property for special assessments, levied for the pavement of the street in front of the property, but could not sell the property in satisfaction thereof, while used for school purposes.

In that case, it is said by the court [page 658]:

"Our opinion is that the judgment appealed from is correct in so far as it recognizes a lien on the property on which the special assessment was levied, but that the judgment is wrong in so far as it orders—or even allows—the property to be seized and sold while it is dedicated to, and used for, the purpose of a public school. If the property ever goes into commerce or ceases to be used for or dedicated to public education, it may be seized and sold to satisfy the city's judgment against it. To that extent the city's lien is of some value, because it is not likely that the school board will refuse to budget and appropriate an amount sufficient to pay the debt rather than allow the interest and the ten per cent. thereon to augment the debt beyond the commercial value of the property."

In the City of Monroe et al. v. Ouachita Parish School Board, it is also said by the court:

"It was decided in Town of Franklinton v. Police Jury of Washington Parish, 126 La. 2, 52 So. 172, that the town could levy a special assessment on a *courthouse square* for its proportion of the cost of paving sidewalks.

"Nothing was said in the opinion in that case as to whether the town could seize

and sell the courthouse square while the temple of justice stood on it, or should look to the police jury of the parish to find other ways and means of paying the judgment." Page 863, 135 So. page 658.

 As the same reasons which induced the court to annul the judgment in that case, in so far as it ordered the property to be seized and sold, while it is dedicated to use for a public purpose, apply, with equal force, to the instant case, in which the judgment of the District Court makes executory the paving lien and privilege on the courthouse square, while the temple of justice stands upon it, it follows necessarily that the judgment appealed from is wrong to that extent.

It is well settled that public squares, courthouses and jails of a Parish are public property.

As said by the court in Police Jury v. Foulhouze, 30 La.Ann. 64, 65:

"Property dedicated to public use can not be the subject of private ownership. It is out of commerce, and not liable to seizure. R.C.C. arts. 449, 454, 455, and 458; Police Jury of West Baton Rouge v. Michel, 4 [La.Ann.] 84; (Municipality No. 2 v. Palfrey), 7 [La.Ann. 497], 498; Pickett v. Brown, 18 [La.Ann.] 560; (New Orleans Gaslight & Banking Co. v. Webb), 2 La. Ann. 526, 527; (City of Baton Rouge v. Bird), 21 [La.Ann.] 244; (Burke v. Wall), 29 [La.Ann.] 38 (29 Am.Rep. 316); (Sheen v. Stothart), 29 [La.Ann.] 630; Dillon on Municipal Corporations, Sec. 531."

It is also likely in the case at bar that the Police Jury will find other ways or means of paying the judgment against it of $6,192.78, with the interest and ten per cent. thereon, rather than allow the indebtedness to accumulate beyond the commercial value of the property.

The judgment appealed from is annulled in so far as it orders the courthouse square on which the special assessment was levied to be seized and sold while the property is dedicated to or used for a public site for a courthouse. In all other respects the judgment is affirmed. The appellee, Myron Turfitt, is to pay the costs of this appeal, and the appellant, the Police Jury of Tangipahoa Parish, the costs incurred in the District Court.