571 So.2d 746 (1990)
STATE of Louisiana, Appellee,
v.
Thomas Larry SMITH, Sr., Appellant.
No. 21941-CA.
Court of Appeal of Louisiana, Second Circuit.
December 5, 1990.
David F. Baughn, Sp. Asst. Dist. Atty., Tallulah, for appellee.
Raymond Lee Cannon, Tallulah, for appellant.
Before MARVIN, C.J., and FRED W. JONES, Jr. and NORRIS, JJ.
*747 NORRIS, Judge.
The state sued Thomas L. Smith Sr. to enforce child support by collecting AFDC benefits that his two minor children, Emily A. and Thomas L. Smith Jr., had received. La.R.S. 46:236.1. Smith defended by asserting that his parental rights had been terminated in prior judicial proceedings in Jefferson Parish. La.R.S. 13:1601-13:1604. The trial court rendered judgment in favor of the state for all accrued AFDC payments and fixing child support at $156. per month. Smith now appeals. For the reasons expressed, we reverse and dismiss the state's suit.
The state's petition, filed May 18, 1987 in Tensas Parish, alleged that Smith's minor children were living with their mother, who is drawing AFDC on their behalf. It also alleged that Smith was under a court order to pay child support of $125. per week but he had not paid it since April 1987. The child support judgment was neither attached to the petition nor described by court and docket number; it was not introduced in evidence or even referred to at trial. The petition prayed for judgment in accordance with the prior judgment and, in effect, for an income assignment.
Smith responded by filing in the record a personal letter to the trial judge. He stated that his parental rights had been terminated by judgment of the juvenile court in Jefferson Parish in November 1985. Smith did not file a formal answer prior to trial.
When the matter came up for trial in December 1988, Smith was represented by counsel. The state introduced as Exhibit S-1 a handwritten minute entry in a matter styled, "In the Interest of Emily A. Smith and Thomas L. Smith Jr.," in the Juvenile Court of Jefferson Parish dated September 9, 1986 and a printed minute entry from the same court dated January 26, 1987. The assistant D.A. argued that there was no signed judgment of termination of parental rights and thus no basis to find that Smith's parental rights were indeed terminated. Smith's attorney stated he was "shocked" that there was no signed judgment. The sides produced evidence of how much AFDC money the children had received since May 1987 and of Smith's income. Smith testified that after the trial judge ruled that his parental rights were terminated in the Jefferson Parish proceedings, his court-appointed attorney told him that he owed no child support. At the end of the instant trial, Smith's attorney asked for the record to be left open so he could file a response; this request was granted.
Smith's attorney then filed a formal answer asserting the affirmative defenses of estoppel, res judicata and equitable estoppel. The defenses were based on the alleged Jefferson Parish judgment that terminated Smith's parental rights. However, the judgment of termination was not attached to the answer.
The trial resumed in November 1989. Smith introduced as Exhibit D-1 a certified copy of court minutes, identical to Exhibit S-1. These recite that the state's petition for termination of parental rights was taken up on September 9, 1986; that Smith, the father, was present with court-appointed counsel; evidence was adduced; and the trial judge ordered that Smith's parental rights as to the two children "be and are irrevocably terminated." The D.A. was ordered to submit a judgment in accordance with the ruling. Also part of Exhibit D-1 was a letter from the clerk of the juvenile court. This letter states that the D.A. had "neglected to submit a judgment" as ordered but "there is no question as you can clearly see from the court entry that the termination took place." Smith reiterated that at the conclusion of the Jefferson Parish hearing, he had his attorney inquire about child support; the attorney reported that Smith would no longer owe it.
Ruling from the bench, the judge did not address whether the state was equitably estopped from seeking to enforce child support. She fixed the arrears at $5,634., to be paid monthly, and set child support at $156. per month, both to be paid by income assignment. Smith appeals devolutively, urging by three assignments that the court erred in:
(1) failing to apply equitable estoppel or res judicata to bar this action, and

*748 (2) imposing an excessive award of child support.
Smith argues that when the Jefferson Parish court terminated his parental rights, this meant "permanent elimination of all parental rights and duties including residual parental rights." La.R.S. 13:1600(4). Residual parental rights include the responsibility of support under R.S. 13:1600(5); this would supersede codal provisions for support of children such as La.C.C. arts. 227-231. The state concedes that a final judgment terminating Smith's parental rights would defeat this action to enforce support. State's brief, 3.
The state argues, however, that there is no valid, final judgment of termination of parental rights. The state's position is correct to an extent. There is no signed judgment, only a minute entry, and a minute entry does not constitute a final judgment. Fisher v. Rollins, 231 La. 252, 91 So.2d 28 (1956); Mestayer v. Mestayer, 302 So.2d 342 (La.App. 3d Cir.1974). A final judgment is usually essential to support the defenses of res judicata or judicial estoppel. La.R.S. 13:4231; California Co. v. Price, 234 La. 338, 99 So.2d 743 (1957); Morris v. Morris, 336 So.2d 254 (La.App. 1st Cir.1976). The common law concept of judicial estoppel is no longer applicable in Louisiana. Doyle v. State Farm (Mut.) Ins. Co., 414 So.2d 763 (La.1982); Ugulano v. Allstate Ins. Co., 367 So.2d 6 (La.1978).
Even in the absence of a final judgment in the suit to terminate parental rights, however, equitable considerations militate against enforcing the instant judgment against Smith. Equitable estoppel is defined as the effect of the voluntary conduct of a party by which he is barred from asserting rights or defenses against another party justifiably relying on such conduct and causing him to change his position to his detriment as a result of such reliance. There are three elements of estoppel:
(1) a representation by action or word;
(2) justifiable reliance on the representation; and
(3) a change in position to one's detriment because of such reliance.
Wilkinson v. Wilkinson, 323 So.2d 120 (La.1975); American Bank & Trust Co. v. Trinity Univ. Ins. Co., 194 So.2d 164 (La. App. 1st Cir.), affirmed 251 La. 445, 205 So.2d 35 (1967); First Fed'l Sav. & Loan v. American Bank & Trust, 461 So.2d 341 (La.App. 2d Cir.1984).
The doctrine was analyzed in civil law terms in Burk v. Livingston Parish Sch. Bd., 190 La. 504, 182 So. 656 (1938), as unjust enrichment under former Civil Code art. 1965 and under the civilian concept that one cannot both accept the benefits of an act and repudiate its obligations. See also Lilly v. Angelo, 523 So.2d 899 (La. App. 4th Cir.), writ denied 526 So.2d 1120 (1988).
Smith has proved every element of equitable estoppel in this case. First, the state brought him to court in Jefferson Parish, called expert witnesses, marshalled the force and authority of the judicial process and obtained an oral decree that his parental rights were irrevocably terminated. Even though the state ignored the juvenile court's order and did not reduce the ruling to a final, written judgment, it successfully represented by action and word that Smith had no further parental rights. Second, Smith was justified in relying on this representation, coming as it did under color of due process; with the aid of court-appointed counsel he had contested the evidence against him, lost and heard the oral decree terminating his parental rights. Two attorneys told him the effect of the ruling was to relieve him of responsibility for child support. Finally, on the basis of the representation and reliance Smith stopped making child support payments. This was obviously detrimental to him if he in fact owed support; by the time of trial, it was detrimental to the extent of $5,634.
For the state to sue Smith and successfully terminate his parental rights, and then three years later to sue him again and successfully collect child support would be an unconscionable result. The state obtained the benefit of protecting two minor children from an alleged child abuser. One of the consequences of termination is to *749 absolve the parent of the responsibility of support under R.S. 13:1600(4) and (5); as a result the state must shoulder this obligation in the form of AFDC or other payments. However, when the state brought the instant action against Smith it was attempting to escape the obligations of its own act. Clearly the state cannot accept the benefit of severing Smith's parental rights and then repudiate the obligation of supporting them in his stead.
We are sensitive to the fact that equitable estoppel is not favored by the law. Howard Trucking Co., Inc. v. Stassi, 485 So.2d 915 (La.1986), cert. denied 479 U.S. 948, 107 S.Ct. 432, 93 L.Ed.2d 382 (1986); Wiley v. Richland Parish Sch. Bd., 476 So.2d 439 (La.App. 2d Cir.1985). Because equitable estoppel bars the normal assertion of rights, it must be applied only in clear cases and where necessary to prevent injustice. Zemurray v. Boe, 235 La. 623, 105 So.2d 243 (1958); Shirey v. Campbell, 151 So.2d 557 (La.App. 2d Cir.1963); Twillie v. H.B. Zachry Co., 380 So.2d 747 (La.App. 4th Cir.1980). The instant case would not require the application of equitable estoppel if Smith could produce a final, written judgment. There is, however, no judgment; Smith has shown and the state has not refuted that the state itself was responsible for failure to obtain one. The court minutes recite that Judge Gothard ordered the D.A. to submit a judgment for signature; the state should not be able to profit from its neglect and pursue Smith twice.
On this record Smith has shown that after the state caused him to believe that his parental rights were terminated, he reacted reasonably and to his detriment. Even without a final judgment of termination, equitable estoppel bars the instant suit to enforce child support.
The trial court therefore erred in failing to apply the affirmative defense of equitable estoppel. The judgment is reversed and the state's suit to enforce support obligations against Thomas L. Smith Sr. is dismissed. Costs are not assessed. La. R.S. 13:4521.
JUDGMENT REVERSED; CASE DISMISSED.