For a period of about ten years the plaintiff in this case had been selling to the Kentwood High School, in the Parish of Tangipahoa, certain sporting goods consisting principally of foot-ball suits, shoes and other equipment. The orders were given by the principal of the school.
Over that period of time, the bill ran up to the sum of $511.35, on which, through the said principal, the sum of $157.39, was paid, leaving a balance of $353.96, the amount claimed in this suit against the Tangipahoa Parish School Board. The claim against the School Board is based on the proposition that the Kentwood High School is owned and operated by that Board and is a part of the general public school system of the Parish over which the Board has general power, supervision and control. It is urged that it is the Board's duty to furnish and supply the schools with all necessary material and equipment in conducting the business of public education, and, as in this particular school it had engaged a coach to teach the children a course in athletics, it was necessary for him to have such equipment as was sold in order to properly teach the course, and in purchasing the same he was acting as its agent and therefore the Board is liable for the payment thereof.
It is further contended that in this case, the building in which this equipment was stored had burned and, with it, the equipment, which as well as the building was insured, was also destroyed by fire. It is claimed that the School Board collected 90% of its value, or the sum of $483.80 with which it replaced the equipment in the new building which it constructed. The equitable plea, under Art. 1965 of the R.C.C., that no one ought to be allowed to enrich himself at the expense of others, is also invoked.
The defense to the suit is a denial of liability on the part of the School Board on the ground that it never authorized the purchase of the equipment in any manner whatsoever and that the principal of the Kentwood High School was not its agent and was never authorized to make the purchase for its account.
After trial in the court below there was judgment in favor of the defendant, rejecting the plaintiff's demand, whereupon this appeal was taken and perfected.
Clearly, in our opinion, the principal of the Kentwood High School was not the agent of the School Board and could not act for it in the purchase of the goods sold by the plaintiff. He had no authority, general or specific, to bind the *Page 100 
Board to such a purchase. A principal or teacher of a school is an employee of the School Board, clothed with no authority by which he can bind it in the purchase of any material or equipment, without special authority. Here it is not disputed that the principal has no such authority.
But, it is contended that the Board had employed a coach of athletics for the Kentwood High School and as it was necessary, in order to give the pupils that course of physical training, that he have the equipment needed, he had the implied authority to buy it. That is a contention with which we cannot agree. In order to teach the children any course in school, it is necessary to have books of instruction and in most cases, also, it is necessary to have library reference books, periodicals or magazines. Could it be said that because of the absolute necessity of those books or magazines that the principal of any particular school, and in fact, any teacher has the right to purchase them and bind the School Board therefor? Could a music teacher, for instance, in any one school, bind the Board, without authority, for the purchase of one or more pianos or other musical instruments he or she might think necessary in order to conduct the classes in music? It can readily be conceived how such a practice might lead to absolute chaos in the financial system of the Parish School Board. The usual routine when equipment of this kind is bought seems to be, as in this very case, that it is purchased at the instance of school clubs or other local civic organizations or else by popular local subscriptions.
Counsel for plaintiff urges that the School Board having derived the benefit of the equipment sold by the plaintiff is now estopped from denying liability for it. This point he bases principally on the decision in the case of Burk v. Livingston Parish School Board, 190 La. 504, 182 So. 656. But in that case, what the Board was estopped from claiming was that it had a formal contract with Burk after it had accepted the benefit of his services as architect for one of its large school buildings. The dealings in that case were with the School Board direct and not through any one who, like in this case, was allegedly the agent of the Board.
It is rather important to note in this case that what payments had been made on the account were those made by the principal of the Kentwood High School from funds collected locally by booster clubs and never before, over this long period of years, has any demand of any kind been made on the School Board itself, now sought to be held legally liable.
With regard to the insurance collected by the Board after fire had destroyed the Kentwood High School, we quite agree with counsel for the Board that there is no definite proof that the amount collected on this sort of equipment covered the same which was sold by the plaintiff. The testimony shows that that kind of equipment is rather shortlived and what had been sold by the plaintiff had very likely served its usefulness at the time of the fire and was no longer there. Besides it is not shown that the School Board profited in any manner, even if it did collect the insurance on what equipment there was, as new equipment was bought to replace it and it all enured to the benefit of the Kentwood High School and its patrons.
We cannot see how the defendant can be held liable in this case and believing that the judgment which rejected the plaintiff's demand is correct, it will be affirmed.
Judgment affirmed at the costs of the plaintiff, appellant herein.