*53
 
 HIGGINS, Justice.
 

 This is an action by a wholesale dealer against the School Board to recover the sum of $353.96, representing the balance ■due for athletic equipment sold to the Kentwood High School. The petitioner alleges that the principal of the High School ■and the athletic director were regularly appointed by the School Board and were held out as having the apparent and ostensible authority to make the purchase for the Board; that the equipment was used by the School Board's agents with Its approval for school purposes and that the School Board insured the equipment against loss by fire; that during November 1938 the equipment was destroyed by fire; and that the School Board collected 90% of the face value of the policy, or $483.80 from the insurance company and then used this money to replace the equipment. Estoppel is specially pleaded.
 

 The defendant admits that the principal and the athletic director of the Kentwood High School were legally appointed by it but denies that they had authority to bind the Board in making the purchases, and avers that the School Board neither by resolution nor otherwise authorized these employees to make the purchases for its account.
 

 In the district court there was judgment in favor of the defendant. The plaintiff appealed. The Court of Appeal affirmed the judgment of the district court holding that the employees of the School Board did not have either direct or apparent authority to bind the Board and that it was not estopped from disclaiming liability. 15 So.2d 98.
 

 The plaintiff applied to this Court for a writ of certiorari, which was granted, and the matter is now before us for review.
 

 The record shows that the plaintiff sold athletic equipment to the principal and the athletic director of the Kentwood High School of Tangipahoa Parish over a period of years, the last purchases having been made on August 20, 1936. There was paid on account of the total indebtedness of $511.35, the sum of $157.39, leaving the balance due claimed in this proceeding. The equipment in question was used by the principal and the athletic director of the Kentwood High School in teaching a course of physical education authorized by the defendant Board. The equipment, together with other athletic paraphernalia, was insured by the Board for $537.55 under a fire insurance policy providing for 90% coverage. The Kentwood High School building and the equipment were both destroyed by fire in November 1938. The defendant Board and not the principal and the athletic director of the Kentwood High School collected from the insurance company the sum of $483.80 covering the athletic equipment destroyed and used this money to purchase other athletic equipment. The plaintiff was never paid the balance due it.
 

 It is elementary that in order for the defendant Board to legally insure the athletic equipment, it had to claim ownership of the property. This it did and paid the insurance premiums. When the fire
 
 *55
 
 occurred, the Board filled out the regular Proof of Loss and was paid 90% of the face value of the policy by the insurance company. Obviously, this payment was made on the basis that the School Board was asserting ownership of the destroyed insured property. In recognition of its obligation to replace the destroyed athletic equipment, the Board immediately purchased other paraphernalia to replace it. It is difficult to understand how the Board in one instance claims ownership of the athletic equipment and in the next instance denies ownership thereof. Clearly, the Board claimed the ownership of the property which was purchased through its duly appointed agents, and approved the purchases when it insured the property in its own name and collected 90% of the face value of the policy after the equipment had been destroyed by fire. It is our opinion that in thus having ratified the acts of its agents and employees, it became liable for the purchase price of the equipment.
 

 For the reasons assigned, the judgment of the Court of Appeal is annulled and set aside, and
 

 It is ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Lowe & Campbell Athletic Goods Company, and against the defendant, Tangipahoa Parish School Board, for the sum of three hundred fifty-three and 96/100 ($353.96) dollars, together with legal interest thereon from judicial demand until paid. The defendant to pay all costs of court.
 

 PONDER, J., recused.