Practically the same issues are involved in this case as were those in the case of the same parties in a suit previously before this court and in which the decision was reviewed by the Supreme Court on a writ of certiorari. The opinion of the Supreme Court is reported in 207 La. 52, 20 So.2d 422.
The plaintiff, a wholesale dealer in athletic goods, sold a bill of merchandise to the principal of the Independence High School in the Parish of Tangipahoa, the same as it had done to the principal of the Kentwood High School in the other case. The statement in this case carries a balance of $567 on an account dating from August 14, 1934, to August 23, 1939. The School Board of Tangipahoa Parish is sought to be held, as it was in the other case, on the theory that it operates the Independence School in which, under the curriculum established by the School Board, students are taught physical education for the purpose of which they engage in various sports which make it necessary to have athletic equipment such as was sold to the principal of the Independence School. Further it is contended that the orders for this merchandise were given and approved by the principal Mr. T.B. Pugh, who is the agent of the Tangipahoa Parish School Board and who is also sued in his capacity as such.
Both defendants filed exceptions of no right and no cause of action which apparently were not passed on by the trial court. Answers were then filed by both in which liability is denied by the School Board on the ground that whilst it operates the Independence High School it is not the owner of the property as the same belongs to the public. Further it avers that it was never a party to any of the transactions sued on, *Page 85 
that it at no time authorized anyone to make the purchase of the equipment as alleged in plaintiff's petition, and that said equipment is not needed to carry out the educational program of the parish. It further sets out that at the time these sales were made the plaintiff knew that the School Board was not responsible for payment, that no bill was ever presented to the School Board although they continued for a period of many years and that no teacher or principal of any school is the agent of the School Board for the purpose of making any contract by which it can be bound.
The defendant Pugh admits the purchases made for the school but denies that he is personally liable for the same and further answering alleges that in buying the equipment he acted as the agent for the School Board within the scope of his employment and authority and no further.
The case was tried in the lower court on the issues as thus presented after which there was judgment in favor of the defendants rejecting the demands of the plaintiff and dismissing its suit at its costs. From that judgment the plaintiff has taken this appeal.
In the former suit it was brought out that the equipment was covered by a policy of insurance which the School Board carried on the Kentwood High School and gymnasium and for which it paid the premiums. The school and gymnasium were destroyed by fire and the athletic equipment as well as all other contents of the buildings were lost. The School Board collected the insurance, including that part of it which was carried for the protection of the athletic equipment. When we decided the case we took the position that the testimony did not show that the insurance carried on the athletic equipment covered the specific items, the value of which plaintiff was endeavoring to recover for in its petition. The Supreme Court based its decision apparently on the ground that whether the items were the precise items or not, the School Board had insured the athletic equipment asowner and it could not be heard now, after the fire and after it had been paid the loss, to say that it was not the owner. The decision is apparently based on the ground of equitable estoppel.
[1] In the present case we note from the record that counsel for plaintiff, in order to protect his client's interest on the same basis, filed a motion for a subpoena duces tecum under which the defendant School Board was ordered to produce in court the insurance policies covering the Independence High School for the period from January 1, 1935, to August 23, 1939, and the receipted premium bills showing how payments of the policy premiums were made. The record fails to show compliance on the part of the School Board with the order but by the testimony of Mr. T.B. Pugh, the principal, it appears that the School Board carries a blanket policy on the school buildings and whatever is in the buildings. He says he thinks that all of the schools of the parish are insured under the same policy, it being the same type of policy that covered the Kentwood High School and gymnasium when they burned. That being so it would seem that if the Supreme Court held the School Board liable in the other case on the ground that it carried insurance on the equipment, as owner of the same, we are bound by that decision in this case. It is true that in that case there was a fire and the loss was paid and the School Board received the money itself, but we do not think that makes any material difference because the point seems to have been stressed that once the School Board had taken out insurance on the equipment in its name as the owner, it could not escape liability when sued for the price of the equipment on the ground that it was not the owner.
The views we take of the case lead to a different conclusion than that reached by the district judge and it follows that the judgment appealed from will have to be reversed as to the defendant School Board.
[2] For the reasons stated it is ordered that the judgment of the district court be, and the same is hereby reversed, annulled and set aside and it is further ordered that there be judgment in favor of the plaintiff Lowe Campbell Athletic Goods Company and against Tangipahoa Parish School Board in the sum of $567 with legal interest *Page 86 
from August 23, 1939, until paid, together with all costs of these proceedings. As to the defendant T.B. Pugh, the judgment stands affirmed.