HIGGINS, Justice.
 

 The State Bank Commissioner, as liquidator of the Tangipahoa Bank & Trust Company, instituted suit against the Town of Kentwood on its note for the sum of
 
 *321
 
 $3,500, dated June 16, 1933, payable six months after date, bearing 8% interest and 10% attorney’s fees for collection. The note was signed by the Town of Kent-wood, through its Mayor, C. A. Kent, and upon the back of the note is the following endorsement: “Secured by the taxes and other revenues accruing to the general fund of the Town of Kentwood, Louisiana, for the year of 1933, as per certified copy o;f the ordinance hereto attached. (Signed) Town of Kentwood, C. A. Kent, Mayor.” Attached to the note is a certified copy of the ordinance of the Mayor and Board of Aldermen of -the Town of Kentwood, dated March 8, 1932, authorizing the Mayor to borrow $3,500 for the account of the Town, and pledging to the Bank all of the taxes and other revenues of the municipality accruing to the general fund thereof for the year 1932.
 

 The defendant filed exceptions of no right and no cause of action on the following grounds: (1) That the mayor was without authority, under the ordinance of March 8, 1932, to execute the note of June 16, 1933, during a subsequent fiscal year of the town; (2) that the mayor was not authorized by the ordinance to pledge the revenues for the year 1933 but only had the authority to pledge the revenues for the year 1932; and (3) that as no means were provided by the town for the payment of the note, it is invalid under Dart’s Revised Statute, § 6662 (Rev.St. § 2448), and the jurisprudence of this State.
 

 The exceptions were overruled by the court and the defendant, reserving all of its rights under them, answered, reiterating the same defenses but admitting the execution of the note and the receipt and expenditure by the town of the money received from the bank therefor, and in recorivention prayed for judgment against the plaintiff for the sum of $719.88, representing the cash liquidating dividend of 13%% on the town’s general deposit of $517.47, and on its deposit in the waterworks and sewerage bond sinking account of $4,814.96, the plaintiff having credited the sum of $719.88, as a payment on account of the $3,500 note. Defendant also pleaded that in no event could the plaintiff withhold the dividend on the waterworks and sewerage bond sinking fund, as this fund was realized from taxes levied and collected under the constitution and laws of this State for the sole purpose of paying the principal and interest on those bonds. Defendant further pleaded that if the court should hold that the pledge of the revenues of the town for the year 1933 was legal, then, in that event, the judgment should be restricted to those revenues only and a general judgment should not be rendered against the defendant.
 

 There was judgment in favor of the plaintiff as prayed for with the allowance of a credit of $719.88, under date of February 25, 1935, this being the 13%% cash liquidating dividend paid on account of the combined deposits above described. Defendant has appealed.
 

 It appears that the taxes for the year 1932 were not collected and deposited until during the ’year 1933. Therefore, the alleged variation between the note and the town ordinance is without foundation.
 
 *323
 
 But conceding that there was a departure from his authority by the mayor in pledging the revenues of 1933 instead of 1932, the best that can be said for the defendant is that the mayor had committed a clerical error in putting 1933 on the note instead of 1932 as was authorized by the ordinance and, of course, the ordinance would prevail.
 

 Plaintiff has invoked the jurisprudence which has developed under Article 1965 of the Revised Civil Code to the effect that no one should be permitted to enrich himself at the expense of another. The party to a contract who has obtained and retained all of the benefits granted to him thereby cannot subsequently successfully urge that the contract is void and by some legal technicality defeat the contractual rights of the party who has performed his part of the agreement. Consequently, a municipal corporation, as any other political subdivision, cannot on the one hand enrich itself by receiving the benefits .of a loan and retaining all of the advantages gained thereby and on the other urge that the note or contract is void. Burk v. Livingston Parish School Board, 190 La. 504, 182 So. 656; Turfitt v. Police Jury of Tangipahoa Parish, 191 La. 635, 186 So. 52; Reconstruction Finance Corporation v. Tangipahoa Parish School Board, 192 La. 1059, 190 So. 217; City of Monroe et al. v. Ouachita Parish School Board, 172 La. 861, 135 So. 657; Busch-Everett Company v. Vivian Oil Company, 128 La. 886, 55 So. 564, and Article 1965, Revised Civil Code.
 

 The bank commissioner applied the cash liquidating dividend against the note. Clearly, he had the right to do this insofar as the general deposit fund of the town was concerned. As to the special sinking fund, the town itself has no lien or privilege thereon and in fact claims none. If the,alleged bondholders have a claim, interest or privilege against the sinking fund, they are not before the court and the town cannot assert such a • right in their behalf without their authority. There is no showing of such authorization.
 

 For the reasons assigned, the judgment appealed from is affirmed at the appellant’s costs.
 

 FOURNET, J., absent.
 

 PONDER, J., recused.