4 So.2d 817

BURTON et al. v. ALLEN PARISH POLICE JURY.

No. 36166.

Nov. 3, 1941.

Cline, Thompson, Lawes & Cavanaugh, of Lake Charles, for plaintiffs-appellees.

Eugene Stanley, Atty. Gen., and W. D. Goff, First Asst. Atty. Gen., for defendant-appellant.

HIGGINS, Justice.

The liquidating trustees of the Calcasieu National Bank in Lake Charles instituted this suit against the Allen Parish Police Jury for the sum of $7,500, with 8% per annum interest thereon from February 15, 1933 until paid and 10% additional, upon the principal and interest, as attorneys' fees, which alleged obligation represents money loaned and advanced to the defendant by the bank before it went into liquidation and is evidenced by a certain promissory note executed by the defendant in favor of the bank, dated July 15, 1932, and payable February 15, 1933, which note and a certified copy of the resolution passed by the defendant on July 14, 1932, authorizing the making of the loan and the execution of the note, are annexed to and made a part of the petition.

In its answer, the defendant admitted having made the loan from the bank (of which the plaintiffs are trustees), the execution of the note, and that the indebtedness was due by it to the bank at the time it went into liquidation on July 21, 1934, but averred that at that time it had to its credit, on deposit in the Oakdale and Kinder Branches of the said bank, the following sums in checking accounts, to-wit:

| | |
|---|---:|
| Road District No. 5, Maintenance Account | $ 6,872.54 |
| Road District No. 5, Refund Account | 20,013.61 |
| Road District No. 2, Maintenance Account | 1,336.13 |
| Road District No. 2, Refund Account | 12,260.80 |
| Total deposits | $40,483.08 |

The defendant pleaded that the bank in question was governed by the National Banking Laws, that it had, before the in-

solvency of the bank, demanded that its indebtedness of $7,500 to the bank be offset by an equal amount of its deposits, and that it was now entitled to have the setoff made and, in reconvention, prayed for judgment against the plaintiffs for the balance of $32,983.08, with legal interest from July 21, 1934 until paid, and all costs of the suit.

To the defendant's plea of compensation and setoff the plaintiffs filed a plea of estoppel which was based on two grounds: (1) That the defendant, in its answer, asserted that the funds deposited with the bank belonged to Road Districts Nos. 2 and 5, each of which was a separate political entity or body under the laws of this State, and that these were special funds dedicated under the statutory law and the ordinances of the defendant for the special purposes of being used in paying interest and principal on road bonds and in the construction of roads and highways in the districts and, therefore, formed no part of the general fund of the parish and could not be used by it to pay its ordinary general indebtedness, and for these reasons, there was no mutuality of the parties and the obligations; (2) that a plan of reorganization of the bank was submitted to the defendant and was duly approved and accepted by the Police Jury of Allen Parish as the governing authority of Road Districts Nos. 2 and 5 of the Parish, and under this plan the defendant was paid, in cash, 40% of the deposits, and for the balance thereof, accepted certificates of participation from the liquidating bank executed in favor of the two road districts; that the defendant, by duly adopted resolutions

as the governing authority of each of the road districts and in consideration of the above cash and the certificates of participation, executed waivers of sale in favor of the new organized bank under the plan of reorganization and having accepted and retained the cash and certificates, is now precluded from claiming the right to plead compensation and setoff against the plaintiffs herein. Annexed to and made a part of the plea of estoppel are the above referred to resolutions of the Police Jury, the certificates of participation, and the acts of waiver of sale in favor of the new bank, executed by the Police Jury of Allen Parish as the governing authority of Road Districts Nos. 2 and 5, under the plan of reorganization.

The case was submitted on an agreed stipulation of facts and thirty-three exhibits, which showed the facts of the case to be as set forth in the pleadings. The district judge maintained the plea of estoppel filed by the plaintiffs to the defense of setoff and compensation urged by the defendant, rendered judgment in favor of the plaintiffs as prayed for, and rejected the reconventional demand. The defendant has appealed.

We shall first consider the second ground of the plea of estoppel.

There is no doubt that the defendant received certain definite advantages and benefits from the transactions with the plaintiffs and has not, in any manner, returned any of the money or the participating certificates, nor has it, in any way, attempted to restore the status quo of the parties.

In the case of Brock v. Town of Kentwood, 196 La. 318, 323, 199 So. 133, 134,

the State Bank Commissioner, as liquidator of a State Bank, instituted suit against the defendant on its promissory note to recover the principal, interest and attorney's fees. The defendant pleaded certain alleged technical irregularities or illegalities, but made no offer to return the benefits and advantages obtained by the loan. In affirming the judgment of the district court, this Court said: "Plaintiff has invoked the jurisprudence which has developed under Article 1965 of the Revised Civil Code to the effect that no one should be permitted to enrich himself at the expense of another. The party to a contract who has obtained and retained all of the benefits granted to him thereby cannot subsequently successfully urge that the contract is void and by some legal technicality defeat the contractual rights of the party who has performed his part of the agreement. Consequently, a municipal corporation, as any other political subdivision, cannot on the one hand enrich itself by receiving the benefits of a loan and retaining all of the advantages gained thereby and on the other urge that the note or contract is void. Burk v. Livingston Parish School Board, 190 La. 504, 182 So. 656; Turfitt v. Police Jury of Tangipahoa Parish, 191 La. 635, 186 So. 52; Reconstruction Finance Corporation v. Tangipahoa Parish School Board, 192 La. 1059, 190 So. 217; City of Monroe et al. v. Ouachita Parish School Board, 172 La. 861, 135 So. 657; Busch-Everett Company v. Vivian Oil Company, 128 La. 886, 55 So. 564, and Article 1965, Revised Civil Code." (See also State ex rel. Shell Oil Co., Inc. v. Register of State Land Office, 193 La. 883, 192 So. 519.)

Under the above authorities it is clear that the defendant, in the instant case, cannot retain the benefits and advantages gained under the reorganization plan and in no way offer to return or tender the cash dividend of 40% and the participating certificates, and, at the same time, ask the Court to relieve it of its obligation.

Having reached this conclusion, it is unnecessary to consider the first ground of the estoppel urged by the plaintiffs, and the defendant's plea of compensation and setoff.

In this Court the defendant has, for the first time, attempted to raise and urge issues not covered by the pleadings. We refuse to consider these new matters, because it would be necessary to remand the case to the lower court for the purpose of taking testimony on these points, which were in no way covered by the defendant's previous pleadings.

For the reasons assigned, the judgment appealed from is affirmed.