SAMUEL, Judge.
Plaintiff, Gaylon D. Simmons, filed suit against defendants, American Savings & Loan Association, a homestead, and J. J. Krebs & Sons, Inc., surveyors, for the damages he alleges resulted from the negligence of the defendants in causing him to begin construction of a residence on a lot which he did not own.
The defendants filed separate answers, both denying liability. Thereafter, American Savings filed a motion for judgment on the pleadings and for summary judgment, together with a supporting affidavit. Plaintiff opposed the motion and filed a countervailing affidavit.
Thereafter, judgment was rendered maintaining American Savings’ motion for summary judgment and dismissing plaintiff’s claims against that defendant. Plaintiff’s rights against the other defendant, Krebs, were reserved. Plaintiff has appealed.
The controlling Code of Procedure article on summary judgments is Article 966 which, in pertinent part, provides:
“. . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.” LSA-C.C.P. Art. 966.
In the instant case the record, particularly the petition and the two affidavits, reveal the following facts:
Intending to build a residence thereon, plaintiff agreed to purchase Lot 56, Square 4, Section 1, Chateau Estates South Subdivision, in Kenner, Louisiana, for $28,000. To finance the purchase, he applied to American Savings for an $18,900 loan. The loan was approved and that defendant had its attorney examine the title to Lot 56. The examining attorney required a current survey which American Savings ordered for the purpose of protecting its proposed loan and vendor’s lien and mortgage. The survey so ordered did not include a staking of the lot.
Plaintiff telephoned a representative of defendant (defendant’s affidavit denies any of its people were contacted but, insofar as this appeal is concerned, we accept the plaintiff version) and stated he was unable to locate Lot 56 upon visual inspection. At the time, Lot 56 was part of an undeveloped tract and had no easily identifiable features allowing simple site location. American Savings informed plaintiff a survey would be made prior to the passage of the act of sale, and plaintiff requested that the surveyor place stakes on the lot so it could be located and identified. Accordingly, a “builders package” survey, which included staking the lot, was obtained instead of the survey originally ordered by American Savings.
Krebs’ employees then conducted the survey of Lot 56 and furnished a drawing of the correct lot with correct dimensions. However, according to the allegations of the petition, Krebs staked Lot 55 instead of Lot 56. Plaintiff purchased Lot 56 on April 5, 1976 through a notary designated by American Savings. In connection with the purchase, he was provided with a copy of the survey. The price of the survey was $115, which was included as part of the closing costs.
On April 12, 1976, plaintiff began clearing and filling what he thought was the staked Lot 56, after which he began constructing a two-story brick veneer building. On or about January 14,1977, he received a telephone call from a real estate agent, who informed him the improvements he thought were being constructed on Lot 56 were actually being construed on Lot 55. He ceased construction immediately and attempted to purchase the lot upon which he was building. That attempt failed and plaintiff filed two law suits, one against the *1208 owner of Lot 55 and the other, the present suit, against American Savings.[1]
In this court appellant contends American Savings is not entitled to a summary judgment as a matter of law because there is a genuine issue of material fact on the question of breach of contract and on the question of agency.
Appellant’s contention that there is an issue of material fact relative to breach of contract is without merit. In support thereof appellant argues only that American Savings breached “its contract to provide a proper surveyor”. As there is only one contract involved, a commitment to lend money, the answer to this argument is simply that American Savings ordered the survey solely for its own protection. It was under no contractual obligation to the plaintiff to have a survey made.
We are also of the opinion that appellant’s contention that there is an issue of material fact relative to. agency is without merit. The trial court found that agency was not an issue, a conclusion with which we agree. The evidence establishes the examining attorney for American Savings required a survey as a condition of the sale, but it was plaintiff who requested the surveyor place stakes on the lot for its physical identification. In accordance with the precise request made by plaintiff, American Savings requested the surveyor stake the lot. Because American Savings transmitted plaintiff’s instructions as made, the existence of an agency relationship is not a material issue.
Plaintiff also argues a material issue exists as to whether the surveyor was an independent contractor or an agent or employee of the defendant, American Savings. The affidavit filed by American Savings asserts the surveyor was not acting as its agent but rather as an independent contractor and American Savings urges this argument should not be considered because it was raised by plaintiff for the first time in connection with his motion for a new trial in the lower court and therefore cannot be raised on appeal.[2] That contention aside, we conclude it is not material whether the surveyor was an agent or an independent contractor. Plaintiff admits he requested the lot be staked, and it is unquestioned that American Savings made no such requirement in connection with the loan because the property securing the loan was merely an empty lot and no construction contract was involved. Because the lot was staked solely at the request of, and solely for the benefit of, the plaintiff, the actions of the surveyor in staking would be outside the scope of its agency relationship with defendant, if any such relationship in fact existed. American Savings merely required a survey which certified the existence of the particular lot and its dimensions. Plaintiff could as well have requested the staking be performed by another surveyor, but by his action in requesting the surveyor selected by defendant to place the stakes on the property he chose to make the staking actions of the surveyor his own responsibility and not that of American Savings.
We make no comment in this opinion regarding the merits of plaintiff’s claim against the defendant surveyor, and no statement in this opinion should be construed in any way to have any relationship to that issue.
For the reasons assigned, the judgment appealed from is affirmed.

AFFIRMED.

. The two suits were consolidated in the trial court and lodged as consolidated cases in this court. However, this appeal is concerned only with the summary judgment dismissing American Savings and we do not consider the other suit (No. 9634 of our docket) against the owner of Lot 55.

. See Burton v. Allen Parish Police Jury, 198 La. 752, 4 So.2d 817.