YELVERTON, Judge.
This is an appeal from the dismissal of a suit on an exception of no cause of action and a motion for summary judgment. We reverse and remand.
A.V. Smith Construction Co., Inc. (Smith) had a contract with the Rapides Parish School Board to do certain construction work at Tioga Junior High School. The contract included the demolition of two buildings. Smith subcontracted the demolition to Lando Patton Construction Company (Lando Patton). On June 12,1980 a fire occurred in one of the buildings being demolished. Before it was brought under control the fire spread to nearby school buildings which were not involved in the construction work. Smith repaired this damage so that school could open on time.
Smith then sued Lando Patton, his demolition subcontractor, alleging that it was the latter’s negligence that caused the fire. Smith sought recovery from Lando Patton of $18,033.75, the value of the repairs Smith had made to the damaged buildings. Alternatively, Smith sued the School Board for payment.
An exception of no cause of action as well as a motion for summary judgment were filed by Lando Patton. The exception was sustained and summary judgment was granted, and Smith’s suit against Lando Patton was dismissed. This appeal followed.
The dismissal of the action was apparently done in reliance upon Forcum-James Co., Inc. v. Duke Transportation Company, 231 La. 953, 93 So.2d 228 (1957). That case stands for the proposition that there can be no recovery for the indirect damages resulting from negligent interference with contractual obligations.
The trial court gave no written reasons for judgment. However, it is apparent from a colloquy in the record between the court and counsel that Forcum-James was the decisive principal. To reach these results (no cause of action based on the pleadings and summary judgment for defendant based largely on the deposition of A.V. Smith), the trial court must have interpreted the record to mean that Smith under his contract with the School Board was obliged contractually to repair the damage and therefore, even if Lando Patton was negligent, Smith had no action against Lando Patton for negligent interference with the supposed contract between Smith and the School Board.
Smith’s predicament may be summed up as follows: He subcontracted the demolition work to Lando Patton; the subcontractor’s negligence caused damage to buildings outside the scope of Smith’s repair contract; at the insistence of the School Board and to enable school to open on time, Smith made the repairs, not being sure he owed it but confident in the expectation somebody’s insurance coverage would reimburse him; that expectation was not forthcoming; the School Board, having been paid, has no further interest in the matter; Smith does not have a conventional subrogation from the School Board; Lando Patton denies liability, first on the principle of Forcum-James, and second on the theory that Smith is not legally subrogated to the School Board’s rights under La.Civ.Code art. 2161.
In subscribing to these results the trial court misinterpreted the petition (and the deposition as well). Neither the pleadings nor the deposition indicate that Smith was contractually responsible to the School Board to repair the damage. The pleadings and the deposition can be interpreted, at most, to mean only that Smith may have at one time thought he was responsible. His petition presently seeking recovery from Lando Patton and alternatively from the School Board rather clearly positions him as one who did not owe an obligation but paid another’s debt by mistake.
This interpretation of the pleadings means that the Forcum-James principal does not preclude Smith’s right of action against Lando Patton.
*699 It is not even suggested that Smith owed the debt of Lando Patton on some vicarious theory of liability.[1]
We believe that Smith’s petition has stated a cause of action against Lando Patton under La.Civ.Code art. 2310, which reads:
“Art. 2310. He who, through mistake has paid the debt of another to whom he believed himself indebted, has a claim to restitution from the creditor.
“This right ceases, if, in consequence of the payment, the creditor has destroyed or parted with his title; but the recourse still remains to the person paying against the true debtor.”
The second paragraph of this article recognizes a quasi contract between the person who paid by mistake and the true debtor, provided the creditor who received payment has destroyed or parted with his title. The creditor (School Board) in this case having been paid, may have no further interest in the matter, and it is possible that no suit has been filed by the School Board against Lando Patton (there is none in this record). If that is the case, the claim of the creditor against the true debtor may have prescribed. Planiol suggests that a “destroyed title” includes a claim lost by prescription. See 2 Planiol Civil Law Treatise, Part 1, § 861 at 458 (1959).
Smith has also stated a cause of action for reimbursement of the theory of negotiorum gestio. See La.Civ.Code articles 2299 and 2134; Standard Motor Car Co. v. State Farm Mutual Automobile Insurance Co., 97 So.2d 435 (La.App. 1st Cir.1957), and the French authorities therein discussed.
For these reasons, the judgment appealed from is reversed. The cause is remanded for further proceedings. Costs of appeal are assessed to defendant-appellee Lando Patton.
REVERSED AND REMANDED.

. In fact, Lando Patton’s brief to us, arguing that Smith was not legally subrogated to the School Board under La.Civ.Code art. 2161(3), which provides that subrogation take place of right “For the benefit of him who, being bound with others, or for others, for the payment of the debt, has an interest in discharging it”, properly points out that Smith as contractor was not liable for the torts of his subcontractor Lando Patton over whom he had no control, citing Trapani v. Parish of Jefferson, 180 So.2d 850 (La.App. 4th Cir.1965).