424 So.2d 1074 (1982)
A. Jerry SLOCUM, et al., Plaintiffs & Appellants,
v.
Louis J. DAIGRE, et al., Defendants & Appellees.
No. 82-244.
Court of Appeal of Louisiana, Third Circuit.
December 22, 1982.
Writ Denied February 11, 1983.
*1075 Guste, Barnett, Shushan, Sidney L. Shushan, New Orleans, for plaintiffs & appellants.
Leithead, Soctt, Boudreau, Myrick & Richard, Everett R. Scott, Jr., and William A. Fogleman, Lake Charles, Gold, Little, Simon, Weems & Bruser, Donald Sharp, Alexandria, for defendants & appellees.
Before CULPEPPER, DOUCET and YELVERTON, JJ.
CULPEPPER, Judge.
Plaintiffs seek recovery for unjust enrichment, indemnification or contribution. They appeal from a judgment granting defendants' motion for summary judgment and also sustaining defendants' peremptory exceptions of no right of action, no cause of action, res judicata and prescription.
The issues on appeal are: (1) Does plaintiffs' petition state a cause of action for either (a) unjust enrichment, (b) indemnification or (c) contribution? (2) Did the trial court err in granting defendants' motion for summary judgment? (3) Did the trial court err in sustaining defendants' exceptions of no right of action, res judicata and prescription?

FACTS
This case arises from a prior suit entitled "Collins v. Slocum," 304 So.2d 675 (La.App. 3rd Cir.1974), decision on appeal after remand, 317 So.2d 672 (La.App. 3rd Cir.1975). This was a suit against the plaintiffs-appellants herein for recission of a sale of land by them to Mr. Collins. The plaintiffs in the instant case, A. Jerry Slocum, Gwin LeBlanc, and J. Harrison Henderson, III, had purchased from Morgan Walker, Jr. 256 acres of land. A survey and title examination of this property did not show any servitudes burdening the land. The plaintiffs subdivided the property and sold a residential lot to Mr. Collins, who borrowed money from defendant-appellee, Louisiana Savings Association (formerly Rapides Savings & *1076 Loan Association) for construction of a house on his lot. During construction of the house, Mr. Collins was informed by Humble Oil Company that he was building directly over a pipeline, in contravention of the terms of a pipeline servitude granted to Humble by Walker's predecessor in title, Morgan Walker, Sr.
Collins had to remove all improvements located over the pipeline. He subsequently sued the plaintiffs for return of the purchase price of the lot plus damages. Louisiana Savings Association intervened in that suit to recover the money it had loaned to Mr. Collins for construction of his house.
Judgment was rendered by the district court and affirmed by this Court, Collins v. Slocum, 317 So.2d 672 (La.App. 3rd Cir. 1975), in favor of Collins, granting rescission of the sale, return of the purchase price of $4,000 and damages totaling $19,065 incurred in construction. In the Association's intervention, it was awarded the amount due on its loan to Collins, together with insurance expenses and interest, a total of $11,676, payable out of the amount awarded to Collins. The judgment in favor of the Association was not appealed and became final in due course.
Plaintiffs then filed this suit for damages against Louis J. Daigre, their surveyor, for negligence in failing to locate the pipeline, and later added as defendants their predecessors in title, Morgan W. Walker, Jr. and Morgan W. Walker, Sr. Louisiana Savings Association was made a defendant by a third supplemental and amending petition. The actions against the defendants other than the Association were subsequently severed, leaving the Association as the only defendant in this suit.
The Association filed peremptory exceptions of no cause and/or right of action, res judicata, and prescription, as well as a motion for summary judgment. The trial court rendered judgment in favor of the defendant granting its motion for summary judgment and maintaining its peremptory exceptions. The plaintiffs appeal.

EXCEPTION OF NO CAUSE OF ACTION
The plaintiffs-appellants contend the trial court erred in sustaining the exception of no cause of action because their petition alleges facts to support an action for unjust enrichment, indemnity or contribution.
The peremptory exception of no cause of action tests the legal sufficiency of the petition, and is triable on the face thereof. For the purpose of determining the validity of the exception, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exceptions must be overruled. Haskins v. Clary, 346 So.2d 193 (La.1977); Pence v. Ketchum, 326 So.2d 831 (La.1976).
The petition in the instant case alleges the Association was unjustly enriched by the judgment in the prior suit against the plaintiffs, and that plaintiffs are entitled to indemnification or alternatively contribution. They allege the damages to Collins were caused by the fault of the surveyor and the title examiner employed by the Association in failing to discover the pipeline, and therefore the Association was not entitled to the judgment on its intervention and payment of that judgment was payment of a debt not due.

UNJUST ENRICHMENT
The theoretical basis for unjust enrichment was explained by the Louisiana Supreme Court in Edmonston v. A-Second Mortgage Company of Slidell, Inc., 289 So.2d 116 (La.1974):
"This restitutionary remedy is founded upon principles of unjust enrichment embodied in Civil Code articles 21 and 1965.1 The action derives from the maxim that natural justice requires that no one should be enriched at the expense of another. It is used to fill a gap in the law where no express remedy is provided."
The court in Edmonston held that in order to state a cause of action for unjust enrichment, the plaintiff must allege in his petition the following:

*1077 "To deter courts from turning to equity to remedy every unjust displacement of wealth with unregulated discretion, certain limitations are applicable to the actio de in rem verso. The Minyard decision set forth five prerequisites which must be satisfied to successfully invoke the action: 1) There must be an enrichment; 2) there must be an impoverishment; 3) there must be a connection between the enrichment and the impoverishment; 4) there must be an absence of "justification" or "cause" for the enrichment and impoverishment; and 5) the action will only be allowed when there is no other remedy at law, i.e., the action is subsidiary or corrective in nature."
It is conceded that the allegations of payment to the Association by the plaintiffs satisfy the first three requirements. There must also, however, be an absence of justification for the enrichment or impoverishment. The petition alleges a debt owed to the Association by Donald Collins, plaintiffs' judgment creditor. The plaintiffs were required to pay the debt as an element of damages they owed to Collins. Therein lies the legal justification or cause for the plaintiffs' impoverishment. Thus the fourth requirement is lacking.
The plaintiffs argue the Association was negligent and therefore should not have recovered the money it loaned to Collins. However, the fact that the servitude was not discovered by the Association's agents did not discharge Collins' debt. It was still an element of his damages, still owed to the Association, and there thus was legal justification for requiring the plaintiffs to pay it under the obligation of their warranty of title.
Furthermore, there must be no other remedy at law available to the plaintiffs in order to plead recovery under unjust enrichment. The plaintiffs had ample opportunity at the time the intervention was filed in the original suit to counter the Association's intervention by motions or defenses, and also to appeal the trial court's judgment in favor of the Association in the time allowed by law. Plaintiffs failed to do either.
For these reasons, we find that the plaintiffs' petition fails to state a cause of action for unjust enrichment.

INDEMNIFICATION
The plaintiffs further assert that their petition states a cause of action based upon indemnification for the payment of a thing not due. They argue that the unjust enrichment creates an obligation of indemnification in quasi contracts to restore all amounts received by the defendants. However, as noted by the Supreme Court in Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967), the action for indemnity based upon implied or quasi contract is more properly characterized as an action or claim for unjust enrichment. Therefore, there is likewise no cause of action for indemnification stated in the plaintiffs' petition.

CONTRIBUTION
The plaintiffs also contend their petition states a cause of action for contribution because the Association is at least a solidary obligor with plaintiffs. The argument is that the defendant's agents, i.e., its surveyor and its title examiner, failed to discover the pipeline servitude on Collins' lot, as did the plaintiffs, and therefore Collins' injury was caused by the fault of both the plaintiffs and the defendant.
A careful reading of plaintiffs' petition shows that although the plaintiffs allege the Association made an error in failing to discover the pipeline, there is no allegation that the Association breached any duty which it had to Collins, contractual or otherwise. Moreover, in the previous case Collins did not sue the Association.
In its appellate brief, the Association argues it is apparent from the allegations in plaintiffs' petition and the appellate opinions in the previous case, to which plaintiffs' petition refers, that the survey and the title examination made by the Association were for its sole benefit to determine whether it would make a loan to Collins. The Association cites Simmons v. American *1078 Savings & Loan Association, 368 So.2d 1206 (La.App. 4th Cir.1979) for a holding in a similar case that the Savings & Loan Association was under no contractual obligation to the borrower to make a proper survey. Plaintiffs cite no authority to the contrary. We agree with the Association's contention that under the facts alleged it was not liable to Collins for breach of contract or any other duty.
We conclude the trial court correctly sustained defendant's exception of no cause of action. We are aware that LSA-C.C.P. Article 934 provides that "When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court." However, we are unaware of any additional allegations which the plaintiffs could make to state a cause of action. Plaintiffs have not argued any such possible amendments. In fact, plaintiffs conceded during oral argument before this Court that there were no fact issues and that only questions of law are before us.

THE MOTION FOR SUMMARY JUDGMENT
The Association also filed a motion for summary judgment to which it attached a copy of the judgment rendered in the trial court in the Collins case after remand. This was the judgment appealed in our opinion at 317 So.2d 672. The Association also attached to its motion for summary judgment an affidavit of its vice president, Mr. Holcomb, that the judgment in favor of the Association as intervenor was paid in the total sum of $11,676.12. No other affidavits or other instruments were introduced in support of the motion for summary judgment, and the plaintiffs filed no opposing affidavits or other instruments.
The facts shown by the judgment of the trial court and by the affidavit attached to the Association's motion for summary judgment are also alleged in plaintiffs' petition. Therefore, the present case can be decided both on the exception of no cause of action and on the motion for summary judgment in favor of the Association.

EXCEPTION OF NO RIGHT OF ACTION
The trial court sustained defendants' exception of no right of action. This exception, provided by LSA-C.C.P. Article 927, raises the question of whether the plaintiff has any interest in enforcing judicially the right asserted, and whether he has the capacity to bring the action. Lambert v. Donald G. Lambert Construction Company, 370 So.2d 1254 (La.1979). In the present case, the plaintiffs clearly have an interest in seeking to enforce their claims for unjust enrichment, indemnification or contribution, and they also have the legal capacity to sue. The exception of no right of action should have been overruled.

EXCEPTION OF RES JUDICATA
The trial court also sustained defendants' exception of res judicata. This exception, provided by LSA-C.C. Articles 2285-2286, establishes a legal presumption of correctness and precludes re-litigation of the object of the judgment only when there is (1) an identity of the parties, (2) an identity of "cause" and (3) an identity of the thing demanded. Welch v. Crown Zellerbach Corporation, 359 So.2d 154 (La. 1978). In the present case, there was an identity of the parties, in that the plaintiffs in the present case were defendants in the prior case, and the Association was an intervenor. It can be argued that there is an identity of the thing demanded, since the Association as intervenor in the prior case demanded payment by the plaintiffs in the present case of the money they had loaned Collins, together with expenses incurred in connection with the loan. Judgment was rendered in the prior case in favor of the Association and against the plaintiffs in the present case, ordering that the Association be paid by preference out of the moneys due Collins the amount which the Association had loaned to Collins, together with interest and expenses. However, the cause was not the same in the prior case as in the *1079 present case. In the present case, the plaintiffs are contending that the negligence of the Association's surveyor and title examiner in failing to find the pipeline caused the loss. There was no such issue presented in the prior case as between the plaintiffs and defendant in the present case. Plaintiffs did not file a third party demand against the Association contending that it was negligent, and plaintiffs did not appeal the judgment in favor of the Association. Thus, there is no identity of cause between the same parties in the two suits. The exception of res judicata should have been overruled.

THE EXCEPTION OF PRESCRIPTION
The trial court also sustained defendant's exception of prescription. LSA-C.C. Article 3544 provides that all personal actions except those specifically provided for in other statutes are prescribed by ten years. Jurisprudence under this article holds that the prescriptive period for an action for unjust enrichment is ten years. Acme Refrigeration of Baton Rouge, Inc. v. Caljoan, Inc., 346 So.2d 743 (La.App. 1st Cir.1977); Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967). Since in the present case the plaintiffs' demand for indemnity by the Association is based on the theory of unjust enrichment, the prescriptive period for such a claim for indemnity is also ten years, and prescription had not run on the demand for indemnity.
The issue of prescription as regards plaintiffs' demand for contribution is much more complex. Plaintiffs argue alternatively in their brief that if they were liable to Collins the Association was also liable in solido for the same debt, and that plaintiffs are therefore entitled to contribution under LSA-C.C. 2103. As stated above, plaintiffs were found liable to Collins for breach of the warranty of their contract of sale. Thus plaintiffs' liability arose from a contract. However, for the reasons which we have stated above, we find plaintiffs have not alleged any duty owed by the Association to Collins, contractual or otherwise, the breach of which is the basis of liability by the Association to Collins. Since plaintiffs did not allege the cause of liability of the Association to Collins, we are unable to decide whether there was any solidary liability by plaintiffs and the Association to Collins, and we are unable to decide the further questions of whether plaintiffs are entitled to contribution from the Association, and if so, whether that claim for contribution is prescribed.
The complexity of these problems is set out in detail in the Comment, Prescribing Solidarity: Contribution to the Indemnity Dilemma, 41 La.L.Rev. 659. This Comment discusses the recent Supreme Court cases of Thomas v. W & W Clarklift, Inc., 375 So.2d 375 (La.1979) and Foster v. Hampton, 381 So.2d 789 (La.1980).
Of course, the party urging prescription has the burden of proving it. Langlinais v. Guillotte, 407 So.2d 1215 (La. 1981). In the present case, we do not have sufficient allegations or evidence to decide whether the plaintiffs' claim for contribution is prescribed. Therefore, the exception of prescription as to the demand for contribution must also be overruled.

THE DECREE
For the reasons assigned, we reverse and set aside those portions of the district court judgment which sustain defendants' exceptions of no right of action, res judicata and prescription, and judgment is now rendered overruling these three peremptory exceptions. Those portions of the judgment appealed which sustain defendants' exception of no cause of action and motion for summary judgment and dismiss plaintiffs' suit are affirmed. All costs in the trial and appellate courts are assessed against the plaintiffs-appellants.
REVERSED IN PART, AFFIRMED IN PART.