450 So.2d 39 (1984)
A.V. SMITH CONSTRUCTION COMPANY, INC., Plaintiff-Appellee,
v.
MARYLAND CASUALTY COMPANY, et al, Defendants-Appellants.
No. 83-692.
Court of Appeal of Louisiana, Third Circuit.
May 16, 1984.
*40 Voltz & Ware, Gus A. Voltz, Jr., Alexandria, for defendants-appellants.
Charles F. Wagner, Pineville, for plaintiff-appellee.
Before FORET, LABORDE and YELVERTON, JJ.
YELVERTON, Judge.
This is an appeal from a judgment for plaintiff, A.V. Smith Construction Company (Smith), against the defendant, Rapides Parish School Board, for $18,033.75, plus legal interest and court costs. The trial court determined that the school board tacitly contracted with Smith to do certain repair work and that Smith was entitled to recover the cost of the repair work. The school board appeals. We affirm for different reasons but amend the judgment to reduce the award.
The facts are as follows: Smith had a contract with the school board to do certain construction work at Tioga Junior High School. The contract included the demolition of two buildings. Smith subcontracted the demolition to Lando Patton Construction Company (Lando Patton). On June 12, 1980, a fire occurred while one of the buildings was being demolished by Lando Patton. The fire spread to another building and damaged it.
Several days after the fire a meeting was held between Smith, Lando Patton, the insurers of these two parties, a representative of the school board, and the architect for the school board. The purpose of this meeting was to discuss the liability for the fire damage. At this meeting each of the insurance adjustors declined to accept responsibility for repairing the damage. After the meeting the school board representatives had another discussion with Smith urging him to repair the damage before the opening of school. They reached an agreement that Smith would do the repair work. They did not talk about cost or responsibility for cost.
The letting of the work to Smith was done without advertisement, bids, or a written *41 contract. Smith did the repairs at a cost to him of $18,033.75.
Smith testified that at the time of this agreement he thought one of the insurance companies would eventually pay him. After the repairs were completed he was unsuccessful in obtaining payment from any source. It was concluded that his own insurer did not provide this coverage. He filed suit against Lando Patton and his insurer based on Lando Patton's negligence in causing the fire. In the alternative he made the school board a defendant alleging liability on the basis of either implied contract or unjust enrichment. The school board answered and also filed a third party demand against Lando Patton based on negligence. Smith's suit against Lando Patton was dismissed by the trial court on an exception of no cause of action and a motion for summary judgment, and Smith appealed. This court reversed, 422 So.2d 697 (La.App. 3rd Cir.1982), finding that Smith's petition stated a cause of action against Lando Patton.
Trial on the merits was held on March 29, 1983. On the day of trial Smith settled with Lando Patton and his insurer for $13,500. Smith's demands against these defendants were dismissed.
The trial proceeded against the school board. The trial court rendered judgment against the school board for the cost of repairs in the amount of $18,033.75 with interest and costs. The trial court found that there was an implied contract between Smith and the school board to make the fire damage repairs. The third party demand of the school board against Lando Patton was rejected because the trial judge found no evidence of negligence. The dismissal of the third party demand has not been appealed.
The issue on appeal is whether the trial court erred in finding an implied contract and, if this was error, whether the plaintiff's judgment may nevertheless be affirmed under the theory of unjust enrichment.
The appellant argues that there was never a contract because the school board never consented to have the repairs performed by Smith. The school board also says that even if there was an implied consent, the contract was in violation of the Public Contracts Law and unenforceable.
We agree that even if there was an agreement to do the repairs, it would have been a contract in violation of LSA-R.S. 38:2211, et seq, because the school board is a public body and the legal requirements of advertisement and letting to the lowest bidder were not observed. However, because under the facts of this case the parties were in good faith and their dealings were honest, the contract was merely void malum prohibitum. In such a case, unjust enrichment (La. Civil Code article 1965) may enable the contractor to recover in quantum meruit as much as he reasonably deserves for his services and for the time and labor required for them. Jones v. City of Lake Charles, 295 So.2d 914 (La.App. 3rd Cir.1974); Fullerton v. Scarecrow Club, Inc., 440 So.2d 945 (La.App. 2nd Cir.1983).
Although recent decisions have allowed quantum meruit recovery for profit and/or overhead expenses attributable to the project, plaintiff's suit demanded only the actual costs to him of the repairs, which were stipulated. Therefore, we are concerned only with whether plaintiff's claim for recovery is supported under the theory of unjust enrichment.
As this court stated in Daspit v. City of Alexandria, 342 So.2d 683 (La.App. 3rd Cir.1977), writ denied 344 So.2d 1056 (La. 1977):
"... The doctrine of unjust enrichment is based on Article 1965 of our Civil Code which states that no one ought to enrich himself at the expense of another. Courts have employed the doctrine to allow recovery where there is no contract but a municipality reaps benefits from another party. See Brock v. Town of Kentwood, 196 La. 318, 199 So. 133 (1940); Hinkle v. City of West Monroe, 196 La. 1078, 200 So. 468 (1941). In Minyard v. Curtis Products, Inc., 251 *42 La. 624, 205 So.2d 422 (1967) the Supreme Court listed the following elements necessary for recovery under unjust enrichment: (1) An enrichment. (2) An impoverishment. (3) A connection between the enrichment and the resulting impoverishment. (4) An absence of justification for the enrichment or impoverishment, and (5) The absence of any other remedy at law."
In the present case we find that Smith proved all five elements. The school board was enriched by the repairs performed by Smith. The buildings had been damaged by the fire and the school board needed the repairs done before the autumn opening of school. Smith was impoverished in that he was not paid for the cost of the repairs. The cost of the repairs was stipulated at $18,033.75. However, this is not the amount by which Smith was impoverished. Smith's suit against Lando Patton for the cost of the repairs was settled for $13,500. Therefore we find that Smith has been impoverished only to the extent of the difference, $4,533.75. There is also a connection between the enrichment and the impoverishment in that Smith performed the work which enriched the school board; the representative of the school board urged Smith to perform the work; and the school board was benefitted by the work. The record also does not reveal a justification for the enrichment or the impoverishment. No evidence was presented to show that the fire was caused by the negligence of Smith or his subcontractor. The trial court determined that it was not known exactly how the fire started or by whose fault it happened.
We also find that the plaintiff had no other remedy at law arising from its relationship with the school board.
For the above reasons the judgment of the trial court is amended to reduce the award to $4,533.75. In all other respects the judgment is affirmed at appellant's cost.
AMENDED AND AFFIRMED.