Dear Mr. Cinnater:
You requested the opinion of this office on behalf of the South Terrebonne Tidewater Management and Conservation District (the "District") concerning whether Texaco, Inc.'s property in Terrebonne Parish is exempt from ad valorem taxes.
You advised that on February 28, 1935, a judgment was signed permanently enjoining and prohibiting the Terrebonne Parish Sheriff, the Tax Assessor of Terrebonne Parish and the Atchafalaya Basin Levee District from collecting or attempting to collect ad valorem taxes on the Texas Company's (now Texaco) property situated on Terrebonne Parish's open coastal tidal waters.
On July 10, 1986, the District was created pursuant to LSA-R.S.38:3321, et seq. Section 3327(E) authorizes the District to receive those revenues paid to the Atchafalaya Basin Levee District by the Parish of Terrebonne and held for use in the Parish for Terrebonne under the provisions of R.S. 38:331. Section 3322 delineates the authority of the District's Board of Commissioners which includes the authority to establish water resources development including but not limited to erosion control measures, marsh management and other flood control works as it relates to tidewater flooding, hurricane protection, and saltwater intrusion.
You further advised that the property owned by Texaco and exempted under the 1935 judgment is situated in the marshes, lakes and bays of southern Terrebonne Parish within the parish's barrier islands. The District is expending funds to control erosion of the barrier islands and to restore the marsh by limiting saltwater intrusion, which protects Texaco's property and thus is a benefit to Texaco. You argue that the District, which is not a levee district, should be allowed to receive revenue from the imposition of ad valorem taxes on Texaco's property located in southern Terrebonne Parish.
The 1935 judgment in The Texas Company v. F.X. Bourg,Sheriff and Ex-Officio Tax Collector, Terrebonne Parish, etal., No. 10;637 of the Seventeenth Judicial District for the Parish of Terrebonne, is res judicata.
As stated earlier, that judgment enjoins the defendants, the Terrebonne Sheriff and the Terrebonne Assessor, from collecting or attempting to collect or to enforce the collection of a particular tax of the Atchafalaya Basin Levee District against the properties of The Texas Company situated upon the open coastal tidal waters of Terrebonne Parish. The copy of the judgment with which we were furnished is very difficult to read; however, the judgment does not appear to enjoin the defendants from collecting or attempting to collect taxes from any other taxing authority in Terrebonne Parish. If this is correct, the judgment would not be res judicata as to other taxing bodies of Terrebonne Parish. For res judicata to apply, there must be (1) an identity of the parties; (2) an identity of "cause"; and (3) an identity of the thing demanded. Slocum v. Daigre,424 So.2d 1074 (La.App. 3d Cir. 1982), writ denied, 429 So.2d 128
(La. 1983); Greer v. State of Louisiana, et al.,616 So.2d 811 (La.App. 2d Cir. 1993).
Thus as to the tax of the Atchafalaya Basin Levee District, the matter is res judicata and this office cannot and will not go beyond the decision of the Seventeenth Judicial District.
As to the power of the District to impose its own tax, Section 3330 of Title 38 authorizes the District to "levy on all property in the district subject to taxation for purposes under this Chapter a tax not to exceed three mills on the dollar of its assessed valuation, as provided by Article VI, Section 19 of the Constitution of Louisiana, when authorized by a vote of a majority of the electors of those precincts of Terrebonne Parish situated in whole or in part south of the Gulf Intracoastal Waterway who vote thereon at an election held for that purposes in accordance with law." The limits of the District as stated in LSA-R.S. 38:3321 are identical to the area described in Section 3330.
Thus, the District has the power, upon voter approval, to levy a 3 mill tax upon all property in the district subject to taxation. As to whether the land at issue is subject to taxation, the Louisiana Constitution in Article VII, Sections 18 through 25
provides for ad valorem taxes. Section 18 generally describes the assessment process, while Section 20 grants the homestead exemption. Section 21 provides the only other categories of property which are exempt from ad valorem taxation. None of the exemptions listed in Section 21 appear to be pertinent to the property at issue and it appears that the property of Texaco situated upon the open coastal tidal waters would be subject to taxation.
Trusting this adequately responds to your request, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Assistant Attorney General